Argued March 18, affirmed April 19, 1976

In the Matter of the Estate of Vera E. Ross, Deceased.

SCHREI, *Respondent,*

*v.*

FRYE, *Appellant.*

(No. 121-880, CA 5318)

548 P2d 1001

*Ferris F. Boothe,* Portland, argued the cause and filed the brief for appellant.

*Nikolaus Albrecht,* P.C., Portland, filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

LANGTRY, J.

## LANGTRY, J.

This is an appeal from an order of the circuit court admitting a will to probate, appointing a personal representative, vacating an earlier order by which a prior will of the decedent had previously been admitted, and revoking the letters testamentary issued to Lillian Frye as personal representative of the prior will.

Vera E. Ross died on July 31, 1974 leaving two wills, one dated November 15, 1967, and the other dated July 14, 1973. On November 25, 1974, Ms. Frye filed with the court, in accordance with the terms of ORS 113.035,[1] a petition for the probate of the 1967 will and for her appointment as personal representative. An order granting this petition was entered the following day. On March 25, 1975, nearly four months after being notified of the entry of this order pursuant

[1] ORS 113.035 provides:

"Any interested person or executor named in the will may petition for the appointment of a personal representative and for the probate of a will. The petition shall include the following information, so far as known:

"(1) The name, age, domicile, post-office address, date and place of death, and social security account number or taxpayer identification number of the decedent.

"(2) Whether the decedent died testate or intestate.

"(3) The facts relied upon to establish venue.

"(4) The name and post-office address of the person nominated as personal representative and the facts that show he is qualified to act.

"(5) The names, relationship to the decedent and post-office addresses of persons who are or would be his heirs upon his death intestate, and the ages of any who are minors.

"(6) If the decedent died testate, the names and post-office addresses of the devisees, and the ages of any who are minors.

"(7) Whether the original of the last will of the decedent is in the possession of the court or accompanies the petition. If the original will is not in the possession of the court or accompanying the petition and an authenticated copy of the will probated in another jurisdiction does not accompany the petition, the petition shall also state the contents of the will and indicate that it is lost, destroyed or otherwise unavailable and that it was not revoked.

"(8) A statement of the extent and nature of assets of the estate, to enable the court to set the amount of bond of the personal representative."

to ORS 113.145,[2] Suzanne Schrei filed her own petition seeking to "set aside" the 1967 will and to have the 1973 will "substituted" as the decedent's last will and testament. Having learned of the filing of this petition, and regarding it as a petition "contesting" the probate of the 1967 will,[3] Ms. Frye initiated an investigation into the circumstances surrounding the execution of the subsequent instrument. Based upon evidence produced by that investigation Ms. Frye concluded that the decedent had lacked the requisite mental capacity to make a will in July of 1973, and that the document offered for probate by Ms. Schrei was the product of her own undue influence upon the decedent.

With Ms. Schrei's assent, Ms. Frye then arranged for a hearing set for September 29, 1975 on the matter as a will contest. The course of events was thereafter altered, however, when Ms. Schrei secured a hearing date for July 28, 1975, seeking to have the 1973 will admitted to probate in "common form," thereby facilitating her appointment as personal representative pending the September hearing.[4] Ms. Frye

---

[2] ORS 113.145(1) provides:

"(1) Upon his appointment a personal representative shall deliver or mail to the devisees and heirs named in the petition for appointment of a personal representative, at the addresses therein shown, information that shall include:

"(a) The title of the court in which the estate proceeding is pending and the clerk's file number;

"(b) The name of the decedent and the place and date of his death;

"(c) Whether or not a will of the decedent has been admitted to probate;

"* * * * *"

[3] ORS 113.075 provides:

"When a will has been admitted to probate, any interested person may, at any time within four months after the date of the filing of the affidavit under ORS 113.145 or four months after the first publication of notice to interested persons, whichever is later, contest the probate of the will or the validity of the will."

[4] On June 26, 1975 Ms. Schrei's counsel in a letter to the circuit court said:

"On July 25, 1975, I shall appear before you ex parte and request that

appeared before the court on July 28, arguing that because a will contest hearing had already been scheduled, any change in the status quo resulting from an "ex parte" proceeding would be both premature and inappropriate. At that time the court ruled that it would, in fact, proceed to conduct a hearing in "common form," considering only evidence that Ms. Schrei might introduce relative to the authenticity of the will she had offered for probate,[5] taking care to point out that the only question before it was whether she would be substituted as personal representative "pending the September hearing date."[6]

Following the introduction of Ms. Schrei's own testimony, the admission of affidavits of the subscribing witnesses to the 1973 will, and the submission of briefs by both Ms. Schrei and Ms. Frye, the circuit court issued a memorandum opinion on September 8, 1975 holding that the 1973 will would be "admitted to probate in common form," emphasizing once again that the questions of testamentary capacity and undue influence raised by Ms. Frye would be resolved at the hearing to follow on the twenty-ninth of the month.[7]

you sign the enclosed proposed Order, appointing Suzanne Schrei as the personal representative of the above estate. It is anticipated that counsel for the present personal representative will appear on that date to raise any objections that he may have. It would appear that this matter would require approximately ten minutes and no testimony, since the question as to who should be personal representative at this time appears to be a legal question * * *."

[5] At the conclusion of the hearing on July 28, 1975, the court specifically noted that:

"The only testimony I have heard today is testimony that relates to an excuse, if you will, for using a photographic copy instead of the original and that relates to the existence of the original will and its having been lost [speaking of the will dated July 14, 1973] * * *."

[6] Ms. Frye's counsel was, however, permitted to make a "statement of evidence under the rule" summarizing the facts upon which she had relied in concluding that the 1973 will was invalid.

[7] On August 14, 1975, nearly three weeks after the initial hearing, Ms. Frye had filed with the court an "answer" to Ms. Schrei's petition of March 25; in that answer she denied that the instrument offered by Ms. Schrei was the last will and testament of the decedent, alleging both that it was the product of undue influence and that it had been executed at a time when decedent was without testamentary capacity.

[ 195 ]

On September 23, 1975 Ms. Frye filed a "motion for reconsideration" with the circuit court, asserting again the view that because Ms. Schrei's petition of March 25 constituted an attempted revocation of the previously admitted will it constituted a petition giving rise to a will "contest" which required a hearing "on the merits." She contended therein that any order removing her as personal representative prior to such hearing would be improper. That motion was followed by a letter to the court in which she indicated that unfavorable action on her motion for reconsideration would result in the filing of an "immediate appeal" with this court.

For reasons which are not apparent, no subsequent hearing on the unresolved questions of the decedent's testamentary capacity and Ms. Schrei's use of undue influence was held on September 29. The order vacating Ms. Frye's appointment as personal representative and admitting the 1973 will to probate from which this appeal has been taken was ultimately entered on October 1, 1975.

A proceeding for the admission to probate of a will may take one of two classic forms. A proceeding in "common form" is ordinarily an ex parte proceeding instituted by the personal representative or other proponent of a will for the purpose of securing the admission of the instrument offered as a valid will. Proceedings in "solemn form," on the other hand, require that all "interested persons" be notified and allowed to appear in order to assert whatever position they may have with regard to the propounded will. An essential distinction between "common" and "solemn" proceedings is that the latter constitutes an adversary proceeding in which parties in interest opposed to the will have an opportunity to contest its validity, while in the former contestants are neither notified nor permitted to appear.[8]

---

[8] 1 Bancroft, Probate Practice 259-61, § 109 (2d ed 1950).

It has long been recognized that a proceeding in common form is, in fact, the means by which a will is to be "proved" in the first instance in Oregon.[9] One seeking to have a will admitted to probate is not required to provide interested parties with notice of the proposed action as a prerequisite to obtaining such an order.[10] A personal representative previously appointed in the mistaken belief that a decedent has died intestate need not even be given notice by one subsequently petitioning for the admission of a later-discovered will.[11] It is evident, therefore, that the decision of the circuit court to proceed with a proceeding in "common form" on July 28 was technically correct. The court's refusal to consider Ms. Frye's arguments concerning the decedent's mental capacity and the existence of undue influence by Ms. Schrei at that hearing did not constitute error. The entry of the order admitting the 1973 will "in common form" does not foreclose Ms. Frye from pursuing those questions as a contestant in a subsequent proceeding. The evidence does not indicate that anyone involved in this case believed otherwise. The order of the circuit court must be affirmed.

In so deciding, however, we do not hold that the procedure adopted by the circuit court in this case was the only one available to it. In the typical case the "contest" of a testamentary instrument will follow, in

---

[9] "Under the English practice there were two modes of proving a will of personal property. The 'common form' in which the will was propounded by the executor and proved *ex parte,* and the 'solemn form' in which the next of kin of the testator were called to witness the proceeding, and in which the proof was taken *per testes* or 'in form of law,' as it was called. When probate in solemn form was had it was binding and conclusive upon all the next of kin duly cited, unless fraud or collusion could be shown. But a probate in common form could be called in by any of the next of kin, and the executor required to show cause why it should not be revoked. Both of these forms have been substantially adopted in most of the states by statute. In this state probate in common form is the only one which appears to have been adopted by any positive enactment of the legislature. * * *" Hubbard v. Hubbard, 7 Or 42, 43-44 (1879).

[10] *See* ORS 113.035, note 1, *supra.*

[11] *Malone v. Cornelius,* 34 Or 192, 55 P 536 (1899).

[ 197 ]

a separate proceeding, an initial ex parte—"common form"—hearing; as we have indicated above, such a contest proceeding is not precluded at bar. Such a bifurcation is not, however, required where, as in this case, a party seeks to have a testamentary instrument admitted subsequent to the entry of an order admitting a different will or appointing a personal representative, and for the purposes of judicial economy and convenience to the parties should probably be avoided in such a case. The consolidation into a single proceeding of all issues relating to the subsequent will is not prohibited by any provision of the probate law of this state.

Affirmed.