Argued and submitted September 24, affirmed November 3, 1980

In the Matter of the Estate of
Ora Summers, deceased.

McGILVRAY et al,
*Contestants,*
MITCHELL,
*Appellant,*
*v.*
MARTIN et al,
*Respondents.*

(No. 79-7 P, CA 15245)

618 P2d 1287

Steven P. Couch, Klamath Falls, argued the cause for appellants. With him on the brief was Richard C. Beesley, Klamath Falls.

Ron Merceau, Bend, argued the cause for respondents. With him on the brief was Johnson, Marceau, Karnopp & Petersen, Bend.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

Ora Summers died on January 15, 1979. His will was admitted to probate and letters of administration issued on January 25, 1979. On February 23, appellant Mitchell[1] filed motions asking the custodian of the will to deliver it to court and to produce the attesting witnesses for examination. ORS 113.055(2). Before the date for hearing those motions, the personal representative gave notice of intent to move on that date to have the will admitted in solemn form. The notice was properly served and filed.

The parties were all present or represented on the hearing date. The court acknowledged the motion and proceeded with the case as one to probate the will in solemn form. Testimony was taken about the circumstances of the execution of the will, including Summers' competency and free will. The court concluded that Summers was competent and not acting under fraud, duress or undue influence and made an order admitting the will to probate in solemn form on April 2. About nine weeks later the contestants filed a petition to revoke the probate of April 2. They alleged that Summers was subject to undue influence and was not competent when he executed the will. On the personal representative's motion the petition was stricken.

ORS 113.075 provides:

> "When a will has been admitted to probate, any interested person may, at any time within four months after the date of the filing of the affidavit under ORS 113.145 or four months after the first publication of notice to interested persons, whichever is later, contest the probate of the will or the validity of the will."

The issue is whether this statute allows a contestant to relitigate issues already heard and determined in an adversary probate proceeding said to have been in solemn form and to which the contestant was a party.

■■ Certain things need to be said at the outset. The statute on its face suggests no limitation on its scope; it

---

[1] A notice of appeal was filed from the probate court's order striking the contestant's petition to revoke probate; a notice of appeal was later filed from the final order of distribution. The notices of appeal were filed by all of the contestants. The appeals were dismissed on motion for want of an undertaking. Subsequently, only Mitchell's appeal was reinstated.

appears plainly to say that a will contest may be initiated to challenge the admission of a will to probate, whatever the form of the original proceeding. There is not now, and there never has been (*Hubbard v. Hubbard,* 7 Or 42, 44, (1879)), any statute expressly authorizing the original admission of a will to probate except in common form.[2] ORS 113.035. However, the existence of probate in solemn form is recognized in ORS 113.055(4).[3] Finally, when a will contest is filed, the effective burden on the proponent is then to probate the will in solemn form. 1 Jaureguy and Love, Oregon Probate Law and Practice, § 462, p 457.

■ The issues the contestants sought to raise by their petition to revoke probate were the competence of Ora Summers and whether he was acting under undue influence when he executed his will. Those issues were covered by the testimony in the April 2 proceeding, and it does not appear from the record that the contestants or their counsel raised any objection to the proceeding or any question about the contestants' preparation to proceed with the case. They did not then and they do not now contest the jurisdiction of the probate court to entertain the personal representative's effort to have the will probated in solemn form.

---

[2]

"A proceeding for the admission to probate of a will may take one of two classic forms. A proceeding in 'common form' is ordinarily an ex parte proceeding instituted by the personal representative or other proponent of a will for the purpose of securing the admission of the instrument offered as a valid will. Proceedings in 'solemn form,' on the other hand, require that all 'interested persons' be notified and allowed to appear in order to assert whatever position they may have with regard to the propounded will. An essential distinction between 'common' and 'solemn' proceedings is that the latter constitutes an adversary proceeding in which parties in interest opposed to the will have an opportunity to contest its validity, while in the former contestants are neither notified nor permitted to appear." *Schrei v. Frye,* 25 Or App 191, 196, 548 P2d 1001 (1976).

[3]

"In the event of contest of the will or of probate thereof in solemn form, proof of any facts shall be made in the same manner as in an action tried without a jury."

We note that the quoted provision is as it stands after its amendment by Oregon Laws 1979, chapter 284, section 105. The amendment means, among other things, that on an appeal in a will contest review is no longer *de novo.*

The contestant asserts simply that ORS 113.075 gives her an absolute right to litigate the issues by way of a will contest, even if they have been fully adjudicated in a contested proceeding where there was notice and an opportunity to be heard. We conclude that ORS 113.055(4) is sufficient recognition of the separate existences of probate in solemn form and the right to contest a will for us to say that ORS 113.075 does not contemplate a second opportunity for a contestant. The motion to strike the petition was properly allowed.

Affirmed.