Argued and submitted January 29, orders vacated and cases remanded with instructions March 8, 1982

WARREN,
*Appellant,*

*v.*

CITY OF CANBY et al,
*Respondents,*

(No. 80-9-484, CA A20591)

WARREN,
*Appellant,*

*v.*

CITY OF HUBBARD et al,
*Respondents.*

(No. 122-832, CA A20727)
(Cases Consolidated.)

641 P2d 615

John D. Ryan, Portland, argued the cause and filed the briefs for appellant.

Emil R. Berg, Portland, argued the cause for respondents. With him on the brief was Wolf, Griffith, Bittner, Abbott & Roberts, Portland.

Margaret H. Leek Leiberan and Lang & Smith, Portland, filed a brief amicus curiae for American Civil Liberties Union.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiff, a former municipal judge for the cities of Canby and Hubbard, brought these actions against each of the cities seeking a declaration that ORS 221.140,[1] which provides for the appointment and removal of municipal judges, is unconstitutional, and further seeking reinstatement with back pay. His claims depend primarily on his contention that the state statute and the municipal charter provisions of each city, providing that municipal judges hold office at the pleasure of the city council, violate Article VII (Amended), section 8, and Article III, section 1, of the Oregon Constitution. Defendants' respective motions to dismiss for failure to state a claim were granted, and final orders dismissing plaintiff's complaints with prejudice were entered in each case. The cases were consolidated for purposes of this appeal.

We do not reach the merits, because we conclude that the circuit courts were without authority to decide the issues raised by plaintiff's complaints absent compliance with the provisions of ORS 28.110.[2] That statute requires that the Attorney General be served with "a copy of the proceeding and be entitled to be heard" where the complaint alleges that a statute, charter or ordinance is unconstitutional. Plaintiff concedes that the Attorney General was not served in either of these cases.

That portion of ORS 28.110 has not been judicially construed. However, the preceding sentence of the statute, which requires *joinder* of interested parties has been

---

[1] ORS 221.140 provides:

"The council of a city created under ORS 221.010 to 221.100 shall appoint a municipal judge and such other officers as it deems necessary for the proper government of the city, who shall be removable at the discretion of the council, receive such compensation as the council approves, and have such powers and duties as the council prescribes."

[2] ORS 28.110 provides, in pertinent part:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal charter, ordinance or franchise, the municipality affected shall be made a party, and shall be entitled to be heard, and if the constitution, statute, charter, ordinance or franchise is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the proceeding and be entitled to be heard."

considered on numerous occasions. *Pike v. Allen International Ltd.,* 287 Or 55, 59, 597 P2d 804 (1979); *Stearns v. Commission of Public Docks,* 240 Or 255, 257, 401 P2d 25 (1965); *Stanley, Adm. v. Mueller,* 211 Or 198, 202, 315 P2d 125 (1957); *O.S.E.A. v. Holman,* 4 Or App 320, 323, 478 P2d 657 (1971). The relevant language of that portion of the statute provides:

"* * * [A]ll persons *shall* be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. * * *" (Emphasis supplied.)

In *Stanley, Adm. v. Mueller, supra,* the court held:

"In our opinion the mandatory 'shall' in this statute should be given its ordinary effect by the courts. We think that under this provision the courts have no authority to make a declaration unless all persons 'who have or claim any interest which would be affected by the declaration' are parties to the proceeding. * * *" 211 Or at 202.

The court held that the defect could not be waived and remanded the case with instructions. The portion of ORS 28.110 requiring service on the Attorney General employs the same mandatory language: "* * * the Attorney General of the state *shall* also be served with a copy of the proceeding * * *." (Emphasis supplied.) Neither the statutory language nor the purpose of service on the Attorney General warrants a different conclusion from that reached in *Stanley, Adm. v. Mueller, supra.*

■ ■ Moreover, under an analogous statute, former ORS 107.040(2),[3] which required service on the district attorney in divorce proceedings, failure to serve the district attorney was held to be a jurisdictional defect that rendered a decree void. *Kelso v. Kelso,* 254 Or 130, 458 P2d 448 (1969); *Swint v. Swint,* 238 Or 367, 395 P2d 114 (1964); *Re Estate of Stewart,* 110 Or 408, 223 P 727 (1924). We do not go so far

---

[3] Former ORS 107.040(2) provided:

"(2) The court shall not hear or determine any suit for a divorce until service has been made upon the district attorney as provided in this section, except where the district attorney or his duly appointed deputy waives the provisions of this section by appearing in person at the trial of the cause or by written acknowledgment of service waiving time for his appearance therein * * *."

here; we hold, however, that service on the Attorney General in an action seeking a declaration that a statute is unconstitutional is a condition precedent to the trial court's proceeding to final disposition of the case. To hold otherwise would not only ignore the clear mandate of the statute, but would render that section meaningless. The legislature clearly provided that the Attorney General is entitled to notice and an opportunity to be heard before the trial court decides a case brought under the Declaratory Judgments Act challenging the constitutionality of a statute, charter, ordinance or franchise. The only way to carry out that mandate is to enforce it.

Accordingly, we vacate the orders and remand each case to the respective circuit court with instructions to abate the proceedings until such time as the Attorney General is served with a copy of the summons and complaint in each action.