Argued and submitted February 10, reversed and remanded June 29, petition for rehearing denied August 3, 1982

WRIGHT,
*Respondent on Review,*
*v.*
HAZEN INVESTMENTS, INC. et al,
*Defendants,*
*and*
HAZEN et al,
*Petitioners on Review.*

(CA No. 17597, SC No. 28108)

648 P2d 360

Terence J. Hammons, Eugene, argued the cause and filed the brief for petitioners.

David V. Brewer, Eugene, argued the cause and filed the brief for Respondent.

CAMPBELL, J.

## CAMPBELL, J.

This is a suit for declaratory judgment, injunction, specific performance and damages arising out of a restaurant venture entered into by plaintiff and defendants. The primary issues for consideration are whether joinder of a lessor (McKay Investment Company) and a sub-lessor (Texaco) is necessary in a suit for declaration of ownership of an assigned leasehold interest and whether remand for joinder and amendment of a decree to include a necessary corporation (H&W Enterprises, Inc.) is proper. The Court of Appeals upheld the trial court action remanding the case for joinder of H&W Enterprises, Inc. as a necessary party and amendment of the decree to include it. It also upheld the trial court's finding that McKay Investment Company and Texaco as lessor and sub-lessor were not necessary parties. The trial court enjoined defendants from interference in plaintiff's rights in the property or disposition without plaintiff's consent.

Hazen Investments, Inc. is a corporation owned by defendants Jack, Sara and John Hazen and Glen Harmon. In 1977, plaintiff and John Hazen discussed the possibility of opening a restaurant. The proposed site was a building owned by McKay Investment Company and leased to Texaco. The lease allowed assignment without consent but provided that Texaco would remain liable on the lease. In August, 1977, Texaco assigned its lease to defendants Hazen as individuals. The assignment required Texaco's prior written consent for any further assignment. It also authorized forfeiture on written notice after default. In September, 1977, plaintiff and defendants Hazen and Harmon formed H&W Enterprises, Inc. (hereinafter H&W) to operate the proposed restaurant. Plaintiff contributed some $45,000 in cash for renovation and operating expenses, defendants Hazen contributed cash, restaurant equipment and the leasehold for a value of $45,000, and defendant Harmon contributed services. It is undisputed that plaintiff owns 40% of the H&W stock. The same parties simultaneously formed a partnership for tax reasons in which plaintiff has a 40% interest.

The restaurant venture was not successful. In May, 1978, the lease, improvements and equipment were

subleased to third parties who were later evicted for non-payment of rent. Defendants Hazen thereupon took the position that H&W was defunct and that the lease was their property. They twice tried to transfer the lease and equipment as individuals. Plaintiff brought this action to declare her interest in the venture's assets and to prevent their transfer by defendants without her consent. The trial court found that plaintiff owned 40% of all leasehold improvements, equipment and inventory because of her interest in the partnership and that the plaintiff owned a 40% interest in the leasehold because of her 40% ownership of H&W. The court also issued plaintiff's requested injunction against transfer of assets without her consent and enjoined defendants from interfering with plaintiff's right of possession and access to the real property, leasehold, improvements equipment and inventory. The Court of Appeals affirmed with modification to make it clear that ownership of leasehold improvements, equipment, inventory and proceeds therefrom was in the partnership and and ownership of the leasehold interest was in H&W.[1] Plaintiff's ownership therefore derived from her holdings in these entities and was not personal.

We first address defendants' claim that the Court of Appeals erred in affirming the finding that McKay Investment Company (the lessor), and Texaco (McKay's lessee and the assignor of the subject property), were not indispensable parties in an action for declaration of rights in the assigned leasehold interest.

The statute governing joinder in actions for declaratory relief is ORS 28.110, modeled on the Uniform Declaratory Judgments Act, § 11, which provides:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

We affirm the Court of Appeals and trial court finding that neither McKay nor Texaco was a necessary party in this case.

---

[1] The partnership is not involved in this appeal.

The joinder mandated in ORS 28.110 is necessary as to any interest which "would be affected" by the declaration. In *City of Salem v. Oregon-Washington Water Service Co.,* 144 Or 93, 105, 23 P2d 539 (1933), this court analyzed this requirement:

"We have been unable to find in any of the decisions a holding that in a declaratory judgment proceeding concerning a controversy of the kind before us every taxpayer must be made a party. None of the courts has held that the phrase 'interest which would be affected by the declaration' means financial interest. The decisions undoubtedly hold that the participants in the controversy must be made parties. To hold that every taxpayer must be made a defendant would defeat the purpose of the Declaratory Judgments Act which seeks to prevent a minor controversy from expanding until it has gathered to itself a large number of antagonists. If we should sustain the water company's demurrer we would thereby compel every taxpayer in the city to become a participant in the controversy between the city and the water company * * *. It is our belief that the word 'interest' refers to the subject matter of the controversy, and that the requirement is satisfied when the plaintiff has brought before the court those who are participants therein * * *."

That case involved a controversy between a city and a water company over certain provisions of the city charter approved by special election. The case before us involves a controversy between a sub-assignor and certain of its sub-assignee's shareholders over title to the assigned property interest. McKay owned the fee and Texaco owned the leasehold interest assigned. Although both McKay and Texaco had an "interest" in the subject matter of the controversy, such "interest" was not in any way part of the controversy so as to render either a necessary party. The lease between McKay as lessor and Texaco as lessee provided for free assignability but with liability on the lease remaining in Texaco. Because McKay's lessee remained liable on the lease, it cannot be said that McKay's ownership interest "would be affected" by the litigation. Texaco is liable to McKay as it has been throughout the lease term. The assignment between Texaco and the Hazens as individuals provided for assignment only with the prior written consent of Texaco as assignor. No consent

to assignment was obtained by the Hazens prior to the assignment in favor of H&W. Texaco could therefore disregard the assignment and hold the Hazens to the terms of the assignment, although as between the Hazens and H&W the assignment is binding. Because Texaco could look to the Hazens for performance of the assignment terms, it cannot be said that Texaco "would be affected" by the outcome of litigation as to ownership of the assigned leasehold interest between sub-assignor and sub-assignee. We find no error in the lower courts' ruling that joinder of McKay and Texaco was not required by ORS 28.110.

■ Defendants also claim error in the Court of Appeals order remanding the case to the trial court for joinder and amendment of the decree after finding H&W a necessary party in the declaratory judgment action. Rather, defendants contend that the failure to join H&W deprived the trial court of jurisdiction to render a declaratory judgment under ORS 28.110, so that the remedy of remand and joinder in the decree was error.

This court has construed ORS 28.110 to require joinder of all affected interests in order to yield jurisdiction to enter a declaratory judgment. *Stanley, Adm. v. Mueller,* 211 Or 198, 315 P2d 125 (1957). *See also Pike v. Allen International Ltd.,* 287 Or 55, 597 P2d 804 (1979). The lack of jurisdiction is premised on the absence of a "justiciable controversy" and is grounded in the policy favoring finality of judgments. *Id. See generally* Anderson, Actions for Declaratory Judgment at 263, 298, §§ 138, 155, (2d ed (1951). The second part of ORS 28.110, requiring that "no declaration shall prejudice the rights of persons not parties to the proceeding," is merely an emphasis of the mandate in the first clause requiring joinder of all "who have or claim any interest which would be affected by the declaration." *Stanley, Adm. v. Mueller, supra,* at 207. Since H&W was a necessary party, and since plaintiff failed to join H&W, it would appear that the trial court was thereby deprived of jurisdiction to issue a declaratory judgment in this case.

The Court of Appeals, however, remanded the case for joinder of H&W and entry of an amended decree including H&W. In so doing, the court relied on *Marx v. Lenske/Krause,* 263 Or 90, 500 P2d 715 (1972), a case

decided under the compulsory joinder statute, then ORS 13.110.[2] In *Marx,* a suit for sale of trust property to satisfy a debt owed by defendant Lenske to plaintiff for accounting services rendered during litigation, the estate of the trustee, Krause, cross-claimed against its co-defendant Lenske for legal services rendered by Krause and his partners. All partners signed a written consent to be bound by the judgment, but were not joined. The court said:

"Ordinarily, where a complete determination of the controversy cannot be had without the presence of necessary parties, this court will remand the cause so the parties may be brought before the Court and their rights adjudicated. *Beers v. Beers, Adm,* 204 Or 636, 639, 283 P2d 666 (1955).

"In the instant case, however, the issues of performance of the legal services by the Krause firm, the reasonableness thereof, and any defense by Lenske were fully litigated.

"Under the circumstances of this case, we believe that the cause should be remanded to the trial court with directions to enter an order adding the Krause firm as

---

[2] The current compulsory joinder statute is ORCP 29, which provides in pertinent part:

"A. Persons to be joined if feasible. A person who is subject to service of process shall be joined as a party in the action if (1) in that person's absence complete relief cannot be accorded among those already parties, or (2) that person claims an interest in relation to the subject of the action and is so situated that the disposition in that person's absence may (a) as a practical matter impair or impede the person's ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of their claimed interest. If such person has not been so joined, the court shall order that such person be made a party. If a person should join as a plaintiff but refuses to do so, such person shall be made a defendant, the reason being stated in the complaint.

"B. Determination by court whenever joinder not feasible. If a person as described in subsections A.(1) and (2) of this rule cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

cross-complainants and thereafter to enter an amended decree awarding the cross-complainants the sum of $7,516.89 attorney fees together with interest thereon." 263 Or at 95.

The exception created in *Marx* is not determinative in the case before us. *Marx* involved the question of joinder of all partners in an action concerning a debt owed to the partnership in which all partners would share. Since all partners had the same interest concerning the controversy, and since one partner was represented, the court saw fit to avoid retrial of the same issues which had already been fully litigated. In this case, however, the dispute is between three shareholders of a corporation as to ownership of property. Two claim ownership and one claims that the corporation owns such property. Such a dispute would be similar to a dispute arising among the partners in *Marx* as to ownership of the debt between the Krause estate (one partner as an individual) and the partnership. No such dispute existed in *Marx*. The interests of H&W may be very different from those of its shareholders. We hold, therefore, that, in a suit for declaratory judgment as to ownership of property as between corporation and shareholders, the exception delineated in *Marx* and allowing remand for joinder and amendment of decree does not sufficiently protect the interests of the corporation and is inapplicable. We therefore reverse and remand to the trial court for dismissal unless H&W be joined within a time to be set by the court.[3]

---

[3] ORCP 30 provides:

"Misjoinder of parties is not ground for a dismissal of an action. Parties may be dropped or added by order of the court on motion of any party of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately."