Argued and submitted February 5, judgment vacated;
remanded with instructions October 6, 1982

## MARKS et al,
*Appellants - Cross-Respondents,*

*v.*

## CITY OF ROSEBURG,
*Respondent - Cross-Appellant.*

## (No. E80-1783, CA A20749)

651 P2d 748

Randolph Lee Garrison, Roseburg, and Charles F. Hinkle, Portland, argued the cause for appellants - cross-respondents. On the reply was Charles F. Hinkle, Portland.

David A. Aamodt, City Attorney, Roseburg, argued the cause and filed the brief for respondent - cross-appellant.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

PER CURIAM.

## PER CURIAM.

Plaintiffs brought this declaratory judgment action under ORS chapter 28, challenging the constitutionality of the City of Roseburg's "occult arts" ordinance. The trial court denied the city's motion to dismiss the action for lack of a justiciable controversy and plaintiffs' lack of standing. Plaintiffs and the City then each filed motions for summary judgment. The trial court denied plaintiffs' motion, granted the City's motion and entered a judgment upholding the constitutionality of the ordinance. Plaintiffs appeal the trial court's grant of the City's summary judgment motion, and the City cross-appeals the trial court's denial of its motion to dismiss.

We do not reach the merits. Although the parties did not raise the issue, it is apparent from the record that plaintiffs failed to serve the Attorney General with a copy of the proceeding, as required by ORS 28.110.[1] Service on the Attorney General in an action seeking a declaration that an ordinance is unconstitutional is a jurisdictional condition precedent to the authority of the trial court to make a final disposition of the case. *See Warren v. City of Canby,* 56 Or App 230, 641 P2d 615 (1982).

Accordingly, we vacate the judgment and remand the case to the trial court with instructions to abate the proceedings until the Attorney General is served with a copy of the summons and complaint in this action.

---

[1] ORS 28.110 provides, in pertinent part:

"* * * In any proceeding which involves the validity of a municipal charter, ordinance or franchise, the municipality affected shall be made a party, and shall be entitled to be heard, and if the constitution, statute, charter, ordinance or franchise is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the proceeding and be entitled to be heard."