Argued and submitted November 9, 1988, declaratory judgment reversed and remanded; attorney fees award vacated and remanded; otherwise affirmed March 22, reconsideration denied May 5, petition for review denied June 27, 1989 (308 Or 158)

In re the Estate of
Suzanne M. Eddy, Deceased.

EDDY,
*Respondent,*

*v.*

EDDY et al,
*Appellants.*

EDDY,
*Respondent,*

*v.*

EDDY et al,
*Appellants.*

(P86-11-47, 86-11-243; CA A45694)

770 P2d 969

Roger Jay Sharp, Vancouver, Washington, argued the cause for appellants. On the briefs were William E. Hurley, Portland, and Michael C. Simon and Blair, Schaefer, Hutchison, Wynne, Potter & Horton, Vancouver, Washington.

James R. Cartwright, Portland, argued the cause and filed the brief for respondent.

Before Warden, Presiding Judge pro tempore, and Graber and Riggs, Judges.

WARDEN, P. J. pro tempore.

**WARDEN, P. J. pro tempore.**

Defendant appeals a judgment declaring void a 1985 will, a warranty deed and an *inter vivos* trust. The will and trust documents were executed by the decedent in January, 1985, following the death of her husband. Under those documents, plaintiff, granddaughter of the decedent, was to receive $25,000; her cousins, defendant's four children, were to receive $20,000 each; and defendant was to receive the residuary estate in trust. Under the will and trust executed by decedent and her husband on May 16, 1983, plaintiff would have received $60,000, her cousins $20,000 each and defendant the residuary estate in trust.

Plaintiff brought an action seeking a declaration that the 1985 trust and warranty deed were invalid, alleging that they were the product of undue influence by defendant on the decedent, his mother. She named defendant both personally and in his capacity as trustee. His four children, the other beneficiaries, were not made parties. Plaintiff also filed a will contest on the same ground, again naming only defendant. The cases were consolidated for trial. The court found that the 1985 will, warranty deed and trust were the products of undue influence, held them invalid, removed defendant as personal representative and imposed a constructive trust on the assets remaining in the trust.

Defendant contends that the judgment voiding the trust is void under ORS 28.110, because plaintiff failed to name all beneficiaries of the trust. ORS 28.110 provides:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding * * *."

The issue is whether failure to name all interested parties in a declaratory judgment action deprives the court of authority to render a judgment binding any of them. In *Wright v. Hazen Investments, Inc.,* 293 Or 259, 264, 648 P2d 360 (1982), the Supreme Court stated:

"This court has construed ORS 28.110 to require joinder of all affected interests in order to yield jurisdiction to enter a declaratory judgment. *Stanley, Adm. v. Mueller,* 211 Or 198, 315 P2d 125 (1957). *See also Pike v. Allen International Ltd.,* 287 Or 55, 597 P2d 804 (1979). The lack of jurisdiction is

> premised on the absence of a 'justiciable controversy' and is grounded in the policy favoring finality of judgments. [Citations omitted.] The second part of ORS 28.110, requiring that 'no declaration shall prejudice the rights of persons not parties to the proceeding,' is merely an emphasis of the mandate in the first clause requiring joinder of 'all who have or claim any interest which would be affected by the declaration.' *Stanley, Adm. v. Mueller, supra,* at 207."

Clearly, if the unnamed beneficiaries' rights or interests would be prejudiced by a declaratory judgment, the trial court lacked authority to enter a judgment about the validity of the trust.

Plaintiff contends that her cousins' interests would not be affected if the 1985 trust were declared invalid, because each would receive the same amount, $20,000, under either the 1985 or the 1983 trust provisions. She also argues that her cousins had actual notice of the proceedings, as shown by their appearance as witnesses for defendant. Plaintiff urges that we either affirm the trial court judgment or remand for joinder of the cousins and entry of an amended judgment including them. *See Marx v. Lenske/Krause,* 263 Or 90, 500 P2d 715 (1972).

■ Although the cousins' interests as beneficiaries might remain unaffected by a declaratory judgment that the 1985 trust was invalid, that possibility is not an adequate basis for failing to comply with ORS 28.110. The record does not disclose the extent of the property still in the trust. Each cousin had a monetary interest in the outcome of the action. Each might have wished to introduce evidence regarding the validity of that particular interest. Each would be free to litigate about the 1985 trust at a later date, because the judgment would not be *res judicata* as to their interests. The fact that each appeared as a witness in the trial indicates that they had actual notice, but the statute requires joinder. Failure to join a beneficiary of a trust in a declaratory judgment action defeats both the letter and the purpose of ORS 28.110. Therefore, we hold that, because plaintiff failed to name necessary parties to the declaratory judgment action under ORS 28.110, the trial court could not enter a binding judgment, and we reverse and remand for dismissal, unless the remaining beneficiaries of the trust are joined within a time to be set by the trial court. *Wright v. Hazen Investments, Inc., supra,* 293 Or at 266.

■■ As to the will contest, Oregon law does not demand that all beneficiaries of a will be made parties, although they are proper parties. 1 Jauregy and Love, *Oregon Probate Law and Practice,* 459, § 466 (1958). Instead, Oregon law requires only that the proponent of the will provide all beneficiaries with notice and an opportunity to appear.[1] Plaintiff argues that all the beneficiaries had notice, because defendant, as personal representative, had a duty to notify all beneficiaries of the pending estate proceeding under ORS 113.145(1). Defendant does not deny having given such notice. However, we need not decide if notice was actually given because, even if defendant failed to provide notice as required by ORS 113.145(1), that failure does not invalidate the court's judgment in the will contest proceeding. A failure to provide notice under ORS 113.145 does not deprive the court of authority to rule on the validity of the will. ORS 113.145(3); *Lawver v. Beesley,* 86 Or App 711, 740 P2d 1215 (1987).[2]

Defendant's assignments directed to the merits of the will contest require no discussion; consequently, we affirm the trial court judgment invalidating the will.

Declaratory judgment reversed and remanded for proceedings not inconsistent with this opinion; attorney fees award vacated and remanded for reconsideration; otherwise affirmed.[3]

---

[1] When a will contest is filed, the effective burden is on the will's proponent to probate the will in solemn form. *McGilvray v. Martin,* 49 Or App 5, 8, 618 P2d 1287 (1980). "Proceedings in 'solemn form' require that all 'interested persons' be notified and allowed to appear in order to assert whatever position they may have with regard to the propounded will." *Schrei v. Frye,* 25 Or App 191, 196, 548 P2d 1001 (1976).

[2] We do not decide the effect of the judgment on the beneficiaries who were not parties, because they are not parties in this court either.

[3] The trial court did not distinguish between the will contest and the declaratory judgment proceeding in its attorney fees award. Therefore, because we reverse and remand the judgment declaring void the *inter vivos* trust and the warranty deed, we also vacate the award of attorney fees and remand for reconsideration.