Argued and submitted November 16, 1988, reversed and remanded April 5, Futrell's reconsideration and Wagner's reconsideration denied May 12, both petitions for review denied June 27, 1989 (308 Or 158)

# FUTRELL et al,
*Appellants,*

*v.*

# WAGNER et al,
*Respondents.*

## (85-1-280; CA A47302)

771 P2d 292

William W. Wells, Senior Judge.

Paul D. Schultz, Oregon City, argued the cause for appellants. With him on the briefs was Hibbard, Caldwell, Bowerman & Schultz, Oregon City.

David W. Dardano, Portland, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

In this action for declaratory relief, plaintiffs seek a declaration that they own the vendors' interest under a land sale contract and also seek a money judgment for the contract payments that have been made to defendants.[1] After trial to the court, it entered a judgment declaring defendants to be the owners of the vendors' interest. Plaintiffs appeal.

Plaintiff Jack Futrell obtained a certificate of authority from the U.S. Department of Agriculture to market a new type of wheat that he had developed. He organized Futrell Cereals, Inc. (the corporation) to market it for breakfast cereals. First Independent Bank of Sandy loaned the corporation a total of $492,000, guaranteed by plaintiffs, who were stockholders. As security, plaintiffs mortgaged their interest under a land sale contract covering farm property that they had sold to the Waibels for $475,000. Later, in order to permit plaintiffs to use their vendors' interest under that contract to secure another loan for $200,000, part of which was to bring the bank's loan current, the bank reconveyed its security interest in the contract to plaintiffs.

Richard Busby agreed to provide the corporation with a $200,000 loan. Although no money changed hands at the time, the corporation executed and delivered a note to Busby. Plaintiffs guaranteed payment of the note and assigned their vendors' interest in the Waibel contract to Busby as security for their guarantee. Under the assignment, plaintiffs retained the right to collect the payments on the contract so long as the obligation from the corporation to Busby was not in default. One month later, Howard Houston, Jr., loaned Busby and the corporation $100,000 on very onerous terms. To secure that loan, Busby executed an assignment of his assignee's interest in the Waibel contract to Houston; defendants guaranteed that loan. Busby obtained the other $100,000 of the $200,000 that he had agreed to provide the corporation from another lender; that loan is not involved in this proceeding.

Busby and the corporation defaulted on the Houston

---

[1] Defendant Lindlear Corporation is owned wholly by defendant Lindsay Wagner. Although the record tells us very little about that corporation, the judgment determines the rights of all of the defendants.

loan, and Houston terminated plaintiffs' right to receive further payments under the Waibel contract. He then brought an action against Busby and the corporation, as well as defendants as guarantors. When that action was filed, the total amount then owing to Houston was $175,000, plus interest, attorney fees and costs. Defendant Wagner settled with Houston by paying him $162,500 and paying to the Department of Veterans Affairs $12,500; Houston assigned to defendants the note executed by Busby and the corporation and also all of his right, title and interest in and to the Waibel contract.

Those underlying facts are not disputed. Evidence was adduced at trial from which the trial court found that it was understood from the outset that Busby would not be loaning his own funds. It also found that, when Busby closed the $100,000 loan from Houston, plaintiff Jack Futrell and his attorney were present and that it was understood that Busby was to assign his interest under the land sale contract to Houston as security for the loan and that Houston accepted the assignment of the contract from Busby as security. The court also found that, in order to pay off the Houston loan, then in default, and to regain ownership of the vendors' interest under the Waibel land sale contract, plaintiffs approached the U.S. National Bank for a loan to refinance the debt. An application was completed for a loan of $175,000, the amount then owing to Houston.

Among the documents that were prepared to effect the loan was a bargain and sale deed from Busby to plaintiffs, which recited that it was intended to reconvey any interest that Busby might have in the Waibel property as a result of the conveyance and assignment of the contract for security purposes from plaintiffs to Busby. Busby denied delivering that document to plaintiffs. Plaintiffs were to assign their interest under the contract to the U.S. National Bank as security for the new loan. The loan documents provided:

"4. The parties hereto are aware of the possibility that the security interest of the U.S. National Bank may be assigned to Lindsay Wagner and that the loan of the U.S. National Bank shall be repaid by Lindsay Wagner and that Lindsay Wagner may loan the money to Futrell Cereals, Inc. All parties agree that such replacement of the U.S. National Bank of Oregon by Lindsay Wagner is in the best interest of

all the parties hereto and that the rights and obligations of the parties will be interpreted as applying to Lindsay Wagner as though her loan position was that of the U.S. National Bank of Oregon."

That loan was never consummated; instead, Wagner settled with Houston, as indicated above, and Houston dismissed the lawsuit against defendants and took a judgment by consent against plaintiffs and Busby for $203,000.50, plus attorney fees and costs.

 Plaintiffs contend that Houston obtained nothing by Busby's assignment of his interest in the Waibel contract, because Busby had only a security interest in it and did not assign to Houston the underlying debt that it secured. Plaintiffs are correct: The assignment of a security interest without the assignment of the debt that it secures yields the assignee nothing. *Schleef v. Purdy et al.*, 107 Or 71, 78, 214 P2d 137 (1923). The trial court appears to have concluded that that assignment was valid and could be assigned by Houston to Wagner. If so, it erred.

 However, the court also concluded that plaintiffs were estopped to assert the invalidity of the assignment from Busby to Houston. Although the record supports the trial court's finding that plaintiffs or their attorneys were aware at all times of the transaction with Houston, and neither raised any objections to the assignment from Busby to Houston or suggested that such an assignment would not be effective as security for the Houston loan, that is insufficient to create an estoppel. Silence or inaction may create an estoppel when there is a legal duty to speak. *Earls et ux v. Clarke et al.*, 223 Or 527, 532, 355 P2d 213 (1960). The rule is stated in *Ruddy v. Ore. Auto. Credit Corp.*, 179 Or 688, 703, 174 P2d 603 (1946), in which the court quoted from 31 CJS, "Estoppel," § 91, 310:

> "Where one who owns or has an interest in personal property, with full knowledge of his rights, suffers another to deal with it as his own by selling or pledging it, or otherwise disposing of it, he will be estopped to assert his title or right as against a third person who has acted on the faith of, and has been misled by, his acquiescence."

 There is no evidence that plaintiffs knew that the assignment from Busby to Houston would be ineffective, and there is no finding that they did. Accordingly, they could not

be required to speak up. They were as ignorant of the situation as, apparently, was Houston.[2] The record does not support the trial court's finding that plaintiffs had affirmatively consented to Houston's receiving one installment payment under the land sale contract from the vendees approximately one year after plaintiffs defaulted on the Houston loan. The evidence is that plaintiffs contested Houston's rights under the assignment and consented to his collecting the payment only after being threatened by Houston with an involuntary bankruptcy petition. Even then, the payment was to be placed in trust, with instructions to apply the payment as plaintiffs had instructed.

■ Accordingly, the trial court erred in concluding that plaintiffs are estopped from denying Houston's security interest in the vendors' interest under the Waibel contract. It is true that when defendant Wagner, in performance of her guarantee of the Houston loan, settled with Houston by paying $175,000, she became subrogated to all of Houston's rights against plaintiffs; however, those rights did not include the right to receive payments under the Waibel contract.

■■ We conclude, therefore, that defendants are not the owners of the vendors' interest. That does not necessarily mean that plaintiffs are the owners, because it is apparent from the record that Busby may have or claim an interest in the contract, but he is not a party to this lawsuit, as required by ORS 28.110.[3] Failure to join a necessary party in a declaratory judgment action deprives the court of authority to render a judgment that binds that party; it is considered a jurisdictional defect. *Wright v. Hazen Investments, Inc.,* 293 Or 259, 648 P2d 360 (1982). That is the case here.

---

[2] Given what appears to be the mutual intention of the parties that the Houston loan be secured by the Waibel contract, there might have been a basis for reforming the loan documents. However, no such relief was requested.

[3] ORS 28.110 provides:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal charter, ordinance or franchise, the municipality affected shall be made a party, and shall be entitled to be heard, and if the constitution, statute, charter, ordinance or franchise is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the proceeding and be entitled to be heard."

Accordingly, we reverse and remand with instructions to dismiss, unless Busby is joined as a party within a time to be set by the trial court. *Wright v. Hazen Investments, Inc., supra; Eddy v. Eddy,* 95 Or App 733, 770 P2d 969 (1989). If Busby is joined and asserts that he, not plaintiffs, owns the vendor's interest, the rights as between them must be litigated.

Reversed and remanded for proceedings not inconsistent with this opinion.