Argued and submitted May 8, reversed and remanded with instructions to dismiss
August 26, reconsideration denied October 14, petition for review denied
November 24, 1992 (314 Or 727)

V. Alan HUDSON,
Josephine County Finance Director,
*Respondent,*

*v.*

Alfred J. "Jack" FEDER,
Chief Petitioner for Measure 17.2 in
the Election of May 15, 1990,
Amending the Josephine County Charter,
*Third-Party Plaintiff - Appellant,*

*v.*

JOSEPHINE COUNTY,
a body politic, through Rebecca Brown,
Bruce McGregor and Brian Calvert,
its Commissioners,
*Third Party Defendants - Respondents.*

(90-CV-0139; CA A67213)
836 P2d 779

■■■■■■■■■■

■■■■

■■■■

■■

Greg Wasson, Salem, argued the cause and filed the brief for appellant.

James H. Boldt, County Legal Counsel, Grants Pass, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

■■■■

Durham, J., dissenting.

## RICHARDSON, P. J.

At the May, 1990, primary election, the voters of Josephine County approved an initiative measure that amended the county charter in a way that would reduce the present salaries of the county commissioners. The next month, plaintiff, the county official who has overall administrative responsibility for payment of the salaries, brought this declaratory judgment action, contending, *inter alia*, that the amendment is in conflict with ORS 204.126, and seeking to have it declared invalid.[1] The only defendant named is Feder, who was the chief petitioner for the measure. He filed a third-party action against the county and its three commissioners, asserting a declaratory claim that the amendment is valid, along with other claims that are not relevant here. The trial court dismissed the third-party claim on an ORCP 21 motion, granted plaintiff's motion for summary judgment on his claim and entered a declaratory judgment on that claim holding the "measure" to be invalid. *See* n 1, *supra*. Defendant appeals, and we reverse and remand with instructions to dismiss for lack of a justiciable controversy.

Defendant makes two assignments. The second ascribes error to the trial court's ruling on the merits. In the first, he asserts that the court erred in allowing plaintiff "to challenge the new provision by filing suit naming Feder as the only defendant."[2] He explains:

> "Feder has no power to grant the relief ordered by the [court], and the County lacked power to seek a court ruling by naming Feder as a defendant simply because he probably supports the amendment he initiated."

Therefore, he reasons, in effect if not in terms, no justiciable controversy was stated. *See* n 3, *infra*.

---

[1] The complaint asks that the measure, rather than the enactment, be declared invalid, and the trial court's judgment also declares that it is the measure that is invalid. Because the measure had no remaining independent vitality after the voters enacted it, we have the option of treating the judgment as resolving a moot question or of construing it to apply to the enactment rather than the measure. We make the latter choice but note that both choices lead to the same result.

[2] The stated ground for the motion was that the complaint failed to state a claim.

Plaintiff's response is devoted, in the main, to demonstrating that defendant was a proper party under applicable provisions of ORS chapter 28. We have no doubt of that, but it is not the issue. The question is whether the contentions could be adjudicated with defendant as the *only* party adverse to plaintiff. By the time the action was brought, the measure had been enacted by the voters and, in August, would become part of the county charter by operation of law. Defendant initiated the measure but, after its passage, he had no more authority over and responsibility for its implementation than any other citizen of the county who is not employed in its government. Indeed, according to plaintiff's contentions, *he* is the person with that authority and responsibility.

The requirements for justiciability include that there be a "controversy on which [a] judgment may effectively operate," *State Farm Fire & Cas. v. Reuter*, 294 Or 446, 449, 657 P2d 1231 (1983), and one which can result "in specific relief through a binding decree as opposed to an advisory opinion which is binding on no one." *Brown v. Oregon State Bar*, 293 Or 446, 449, 648 P2d 1289 (1982). No relief that could have been directed at defendant could accomplish those essential conditions of justiciability. Although it could be argued that *plaintiff* is bound by the judgment and does have authority over the implementation of the charter amendment, that argument would fail, because he was not entitled to seek the relief that he obtained. The declaratory judgment procedure is not available for "friendly" or academic controversies. *See Gortmaker v. Seaton*, 252 Or 440, 450 P2d 547 (1969). In essence, what plaintiff effectively seeks is an injunction against himself, through the contrivance of naming a strawman defendant against whom no meaningful or enforceable relief could be given.

■ We do not suggest that defendant did not appear and vigorously defend the amendment or that he was not a *proper* party to the action. The problem is not that defendant is a party, but that there is no defendant in the case whose presence might make a meaningful judicial remedy possible. Plaintiff states in his brief:

> "Defendant Feder has not even suggested who would be a (more) appropriate party to be made a defendant in the complaint for declaratory judgment."

The response to that, of course, is that the defendant in a declaratory judgment action has no duty to make it—or to suggest how to make it—justiciable. We suspect, however, that it would not be inordinately difficult for plaintiff to find an answer on his own to his question.

> "[I]t is curious that [defendant] considers that he (at least alone) is not a proper party defendant in the declaratory judgment action to determine the validity of Measure 17.2 yet did consider himself a proper (lone) third-party plaintiff to seek (a) declaratory relief, (b) injunctive relief, (c) attorney fees, and (d) monetary damages, (for infliction of emotional distress) stemming from the same initial lawsuit."

It is correct that defendant brought a third-party claim that, in some respects, was the mirror image of plaintiff's claim. However, the third-party claim was dismissed on the third-party defendants' motion, and no declaratory judgment on it was entered.[3] There is no justiciable controversy.

■ ■   We are unable to agree with the dissent that the appropriate disposition is a remand to allow plaintiff to replead rather than a dismissal of the action. The absence of a justiciable controversy in a declaratory judgment action is a jurisdictional defect. *Brown v. Oregon State Bar, supra,* 293 Or at 449-50. *Wright v. Hazen Investments, Inc.,* 293 Or 259, 648 P2d 360 (1982), and *Eddy v. Eddy,* 95 Or App 733, 770 P2d 969, *rev den* 308 Or 158 (1989), the most nearly apposite cases on which the dissent relies, differ from the present case in two critical respects: First, the defect in those cases consisted of a failure to join, as defendants, certain identified indispensable parties, whose presence would have enabled the courts to give complete relief; second, there were actual controversies between the *existing* parties to those cases, independently of the interests of the unjoined parties.

Conversely, here there is no *justiciable* controversy between these parties, and we cannot say on this record that

---

[3] In a memorandum of additional authorities, defendant attempts to reformulate his assignments of error. That attempt is untimely. Whether there is a justiciable controversy is a jurisdictional question that we must address, whether or not it has been raised.

the addition of any particular party or parties would suffice to create one. The dissent simply speculates about various approaches that plaintiff might follow that might or might not succeed. In the dissent's words, "[i]t is at least conceivable that plaintiff could plead a justiciable controversy with defendant or others." 115 Or App at 9. As things stand, however, he has *not* pleaded a justiciable controversy, and nothing that the trial court or we can do, such as allowing the joinder of a party, would necessarily give rise to one.

Perhaps plaintiff (or someone else) can find an approach for making the substantive issues he raises judicially cognizable, but not against this defendant alone. There is also no doubt that he can bring a new action. We do not decide this case on its merits and, in the abstract, the legality of the charter amendment remains a viable question. However, there is no reason why this action over which the trial court lacks jurisdiction should be on its docket while plaintiff attempts to find an appropriate way to present that question and to bring his action within the court's jurisdiction. Unlike in *Wright* and *Eddy*, where the decisive problem was simply one of joinder of additional known parties, the situation in this case is that the *only* party whom plaintiff has found is the wrong one, and his eventual success in stating a justiciable controversy against appropriate parties is only a hypothesis on the dissent's part.[4] Stated summarily, unlike the cases on which the dissent relies, the problem here is not one of joinder; it is that there is nothing to join anything to.

We do not reach defendant's second assignment.

Reversed and remanded with instructions to dismiss.

---

[4] Assuming that the term "municipality" in ORS 28.110 includes counties, we might agree with the dissent that plaintiff's failure to name the county as a defendant would require a remand rather than a dismissal, if that were the only problem. In the absence of a pleading that does so, however, it is only another speculation that plaintiff could or will state a justiciable controversy against the county. ORS 28.110 may make the county a necessary party; it does not suggest that the presence of a county as a party automatically establishes justiciability without reference to the allegations that are made concerning it in a particular declaratory judgment action. The dissent's discussion of the county's necessary party status provides only one more hypothesis about a potential controversy that has not been stated in fact.

**DURHAM, J.,** dissenting.

This case should not be dismissed, but should be reversed and remanded for further proceedings. Therefore, I dissent.

The majority orders the complaint to be dismissed, because plaintiff sought "[n]o relief that could have been directed at defendant," 115 Or App at 4, and "there was no other defendant in the case whose presence might make a meaningful judicial remedy possible." 115 Or App at 4. Even if those defects were raised in the trial court, they were resolved against defendant and, before defendant answered, the court entered a summary judgment for plaintiff. Plaintiff has never been given an opportunity to amend his complaint to cure the defects on which this court bases its dismissal.

We have criticized trial judges for dismissing complaints without affording an opportunity to replead. For example, in *Dean v. Guard Publishing Co.*, 73 Or App 656, 699 P2d 1158 (1985), a trial court granted a motion to dismiss without leave to replead, because the complaint lacked several elements of the plaintiff's claim. We agreed that the complaint was properly dismissed but held that the plaintiff had a right to replead to state a claim:

> "The court was correct, therefore, in granting the motion to dismiss. However a judge should seldom dismiss a complaint *with prejudice* on a defendant's first pleading motion. To do so here was an abuse of discretion." *Dean v. Guard Publishing Co., supra*, 73 Or App at 660. (Emphasis in original.)

The criticism applies here doubly, because the majority opinion is the first notice plaintiff has received that his complaint is defective.

In some cases, the court has dismissed a declaratory judgment complaint without leave to amend, because under no conceivable set of facts could the plaintiff plead a justiciable controversy. For example, in *Brooks v. Dierker*, 275 Or 619, 625, 552 P2d 533 (1976), the court held that a declaratory judgment proceeding was inappropriate, because the underlying dispute could be examined exclusively through a writ of review. In *Gortmaker v. Seaton*, 252 Or 440, 450 P2d

547 (1969), the court dismissed a district attorney's declaratory proceeding that sought a construction of criminal statutes, because the defendant agreed completely with the plaintiff and any declaration would have been an impermissible advisory opinion. *See also Brown v. Oregon State Bar*, 293 Or 446, 451, 648 P2d 1289 (1982), where a declaratory proceeding concerning attorney disciplinary rules was dismissed because "[a] circuit court opinion would be advisory only."

However, we have remanded cases for further proceedings if the addition of different parties or new fact allegations could render the dispute justiciable. In *Eddy v. Eddy*, 95 Or App 733, 770 P2d 969 (1989), the trial court declared that a will, deed and trust were invalid. The plaintiff failed to name as defendants all of the beneficiaries of the trust. We held that the failure to name necessary parties prevented entry of a binding declaratory judgment, ORS 28.110,[1] but we remanded for dismissal *unless the necessary parties were joined*:

> "Therefore, we hold that, because plaintiff failed to name necessary parties to the declaratory judgment action under ORS 28.110, the trial court could not enter a binding judgment, and we reverse and remand for dismissal, unless the remaining beneficiaries of the trust are joined within a time to be set by the trial court." 95 Or App at 736.

In *Wright v. Hazen Investments, Inc.*, 293 Or 259, 648 P2d 360 (1982), the court concluded that a controversy over a restaurant venture was not justiciable, because a corporate entity, H & W, was not joined. The court ordered this disposition: "We therefore reverse and remand to the trial court for dismissal unless H & W be joined within a time to be set by the court." 293 Or at 266.

---

[1] ORS 28.110 provides:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal charter, ordinance or franchise, the municipality affected shall be made a party, and shall be entitled to be heard, and if the constitution, statute, charter, ordinance or franchise is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the proceeding and be entitled to be heard."

In *Warren v. City of Canby*, 56 Or App 230, 641 P2d 615 (1982), a municipal judge brought a declaratory proceeding challenging the constitutionality of the statute under which he had been removed from office. He failed to serve his complaint on the Attorney General, in violation of ORS 28.110, an error that we raised on appeal. We vacated the judgment and remanded the case to allow service on the Attorney General:

> "[W]e hold, however, that service on the Attorney General in an action seeking a declaration that a statute is unconstitutional is a condition precedent to the trial court's proceeding to final disposition of the case. * * *

> "Accordingly, we vacate the orders and remand each case to the respective circuit court with instructions to abate the proceedings until such time as the Attorney General is served with a copy of the summons and complaint in each action." 56 Or App at 234.

ORS 28.110 obligates plaintiff to name Josephine County in this proceeding, because he challenges the validity of the county's charter amendment. He failed to do that. That error requires a remand, not a dismissal. *Warren v. City of Canby, supra.*

I agree that the complaint does not presently state a justiciable controversy with defendant, who is sued in his capacity *as* chief petitioner for the initiative. However, considering the state of the pleadings, dismissal is not appropriate. It is at least conceivable that plaintiff could plead a justiciable controversy with defendant or others. For example, plaintiff might plead that defendant is a taxpayer in Josephine County, has made a demand on plaintiff or other persons or entities that they enforce the charter amendment and has threatened or taken some legal action that makes the controversy justiciable.[2] I could not purport to state a complete list of allegations that might describe a justiciable controversy.[3] The majority's *sua sponte* decision to order the

---

[2] We cannot tell from the record whether the trial court determined that defendant's third party action against Josephine County and its commissioners established a jurisdictional controversy between plaintiff and defendant. Plaintiff should be allowed to develop that issue in his pleadings, if he chooses.

[3] Any amended complaint would be entitled to a liberal construction, and the court would have power to render a declaratory ruling even if the complaint

complaint dismissed without leave to amend deprives plaintiff of a fair opportunity to amend his complaint to plead a justiciable controversy.[4]

Finally, the majority's suggestion that plaintiff's complaint is deficient because it requests no relief "that could have been directed at defendant," 115 Or App at 4, is contrary to ORS 28.010, which provides, in part:

"Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, *whether or not further relief is or could be claimed.*" (Emphasis supplied.)

A declaratory judgment complaint need not seek relief directed at the defendant, such as an injunction or a money judgment. It is sufficient to request a declaration of law that will terminate a controversy or remove an uncertainty. ORS 28.050.[5] Plaintiff should be afforded the opportunity on remand to plead the existence of a controversy with defendant or others that can be resolved by a declaration regarding the validity of the charter amendment.

I dissent.

---

described a justiciable controversy "by implication rather than by express averment * * *." *Hupp v. Schumacher*, 29 Or App 9, 13, 562 P2d 217 (1977).

[4] The majority states:

"[T]here is no reason why this action over which the trial court lacks jurisdiction should be on its docket while plaintiff attempts to find an appropriate way to present that question and to bring his action within the court's jurisdiction." 115 Or App at 6.

The cases I cite demonstrate that we have uniformly remanded, not dismissed, declaratory judgment proceedings to allow the plaintiff to cure jurisdictional defects, if possible, through the addition of different defendants. The burden on the court from permitting plaintiff a brief reasonable opportunity to replead his claim to make, in the majority's words, "the substantive issues judicially cognizable," 115 Or App at 6, is outweighed by the burden the majority now thrusts on plaintiff to file a new lawsuit. That defeats the policy encouraging litigants to resolve their disputes, if possible, in one proceeding, in order to avoid multiplying litigation needlessly. *See Whitaker v. Bank of Newport*, 313 Or 450, 836 P2d 695 (1992).

[5] ORS 28.050 provides:

"The enumeration in ORS 28.010 to 28.040 does not limit or restrict the exercise of the general powers conferred in ORS 28.010, in any proceedings where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty."