Argued June 5, remanded with directions September 8,
petition for rehearing denied October 5, 1972

MARX, *Plaintiff, v.* LENSKE ET AL, *Respondents,*
KRAUSE, *Appellant.*

500 P2d 715

*Jerard S. Weigler,* Portland, argued the cause for appellant.

No appearance contra.

Before O'CONNELL, Chief Justice, and MCALLISTER, DENECKE, TONGUE and HOWELL, Justices.

HOWELL, J.

The only issue in this case is whether the trial court erred in refusing to allow certain attorney fees.

The genesis of this complicated and protracted litigation occurred in 1963 when Reuben and Rose Lenske conveyed certain real property in trust to Gunther Krause, formerly an attorney practicing in Portland and the senior member of the law partnership of Krause, Lindsay and Nahstoll. The trust was to secure Lenske's indebtedness to William Marx, a

certified public accountant, for his services in connection with a criminal tax fraud prosecution pending against Lenske. Krause was also attorney for Lenske in the tax fraud case. The trust agreement provided that the trustee could sell the trust property and apply the proceeds to pay the accountant for his services.

On November 1, 1967, not having been paid for his services, the plaintiff, Marx, filed this suit requesting a sale of the trust property and the appointment of a successor trustee for Krause who died some months previously. Several contingent beneficiaries of the trust were also named as defendants.

Lenske's motion to add the Krause estate as an additional defendant was allowed. Lenske then filed an answer and cross-complaint against the Krause estate alleging that Krause, the trustee, sold a portion of the trust property for less than its market value and asked for a judgment of $23,500 against the Krause estate.

The estate filed an answer denying Lenske's allegations and a cross-complaint against Lenske asking for payment for services rendered by Krause as trustee and also asking for attorney fees and costs in defending the subject litigation.

Lenske then filed an answer to the Krause cross-complaint, alleging "an offset, recoupment and cross-complaint" against the estate for $19,000 allegedly deposited by Lenske with Krause. Lenske requested an accounting from the Krause estate and that the executor of the estate "should be estopped from claiming any portion thereof as fees for himself, *his associates, his partners*" and asked for punitive damages.

The estate denied the allegations and amended its cross-complaint to include a claim for $7,516.89 for

legal services rendered *"by Gunther F. Krause and his associates"* in defense of the criminal tax fraud case.

Lenske then filed a motion to strike the estate's cross-complaint and also asking that the estate be required to name "his associates" so that they could be made parties to the suit and also asked to amend his cross-complaint against the estate to add Krause's "associates" as parties.

The motion was denied, and the record does not show the reasons therefor. Lenske moved for reconsideration of the motion, and one of the several trial judges who participated in this lengthy litigation ruled that the issue of Krause's claim for attorney fees incurred in defending the tax fraud litigation would be determined in the instant case if "each of the Krause firm partners would file statements subjecting themselves to the determination of this case." If filed, then "all causes of suit or action stated in the pleadings will be tried by the court in equity."

All seven members of the Krause partnership executed an agreement "agreeing to be bound by any judgment or decree in favor of or against the estate of Gunther F. Krause, deceased."

The trial on all issues between plaintiff Marx, the Krause estate, Lenske, and the other defendants continued over a period of several months in 1970 and 1971. The case was tried in three "phases" because of the many issues between the various parties.

The trial court entered findings and a decree disposing of all issues. The only issue involved in this appeal arises out of a finding by the trial court that legal services were rendered by the Krause firm in connection with the criminal tax fraud case, and that

the charges were reasonable. However, the court refused to award attorney fees on the grounds that "the law firm who rendered the services is not a party to this litigation."

The Krause estate is the only party appealing in the instant case. An attempted appeal by Lenske was dismissed for jurisdictional reasons.

■ We conclude that the trial court erred when it denied Lenske's motion to include the members of the Krause firm as parties defendant.

It was Lenske who brought the Krause "associates" into this case. When the Krause estate filed its cross-complaint seeking fees for unpaid trustee services and for attorney fees and costs incurred in the instant case, Lenske filed his "offset, recoupment and cross-complaint thereto" in which he alleged that he had paid Gunther Krause $19,000, and requested an accounting of the $19,000 from the executor; that the executor should be estopped from claiming any portion thereof as fees "for himself, his associates, his partners"; that at no time did Krause "or his associates, partners or successor" account for the $19,000, nor at any time "did they or any of them" render a statement for legal services in connection with the defense in the criminal tax fraud case.

Later, when the Krause estate filed the amended cross-complaint asking for attorney fees for services rendered by Gunther Krause "and his associates," Lenske moved to require "his associates" to be made parties. While Lenske was requesting the additional parties to be added, he apparently was also contending that the Krause amended cross-complaint be stricken as sham and frivolous.

It appears from one of the records in the court

files that the Krause estate had no objection to the inclusion of the partners as parties defendant in the suit. Apparently the partners themselves had no objection as they all signed the agreement to be bound by any decree entered by the court.

■ ■ A partner may not sue alone on a cause of action belonging to a partnership, and the action must be brought in the names of all the partners. 68 CJS 680, Partnership § 208A; *Levins v. Stark,* 57 Or 189, 110 P 980 (1910). *See Keerins Bros. v. Mauney et ux.,* 189 Or 651, 219 P2d 753, 222 P2d 730 (1950). The informal agreement of the partners to be bound by any decree entered by the court, while accomplished at the suggestion of one of the trial judges participating in this case, was not the proper method of bringing the partners in as additional parties. The partners could have been joined by allowing Lenske's motion to join them, particularly when they were willing to be joined. The partnership claim could also have been assigned to the executor of the Krause estate, allowing him to proceed. *Levins v. Stark,* supra. The partners could also have been made parties to the suit under the compulsory joinder statute, ORS 13.110, or the permissive joinder statute, ORS 13.160.

The trial judge who entered the decree apparently felt that he was bound by the decision of the prior judge who denied Lenske's motion to join the partners, and also apparently believed the informal agreement executed by the partners was insufficient. We agree with the latter conclusion, but we believe that error was committed when Lenske's motion to join the partners was denied.

■ Ordinarily, where a complete determination of the controversy cannot be had without the presence

of necessary parties, this court will remand the cause so the parties may be brought before the court and their rights adjudicated. *Beers v. Beers, Administratrix,* 204 Or 636, 639, 283 P2d 666 (1955).

In the instant case, however, the issues of performance of the legal services by the Krause firm, the reasonableness thereof, and any defense by Lenske were fully litigated.

Under the circumstances of this case, we believe that the cause should be remanded to the trial court with directions to enter an order adding the Krause firm as cross-complainants and thereafter to enter an amended decree awarding the cross-complainants the sum of $7,516.89 attorney fees together with interest thereon.

Remanded.