Argued December 6, 1973, affirmed March 7, 1974

# MARX, *Respondent, v.* LENSKE ET UX, *Appellants.*

519 P2d 1036

*Reuben Lenske,* Portland, argued the cause and filed the brief for appellants.

*Jack L. Kennedy,* Portland, filed a brief for respondent Marx. With him on the brief were Kennedy & King, Portland.

TONGUE, J.

This is an appeal from a final order terminating a trust and distributing the funds on deposit in the registry of the court. In particular, defendant Lenske appeals from that portion of the order directing payment of $794.15 to plaintiff in satisfaction of a claim by him against the trust estate.[1] We affirm.

The trust was originally established in 1963. By its terms it was agreed that Gunther F. Krause, who then represented defendant Lenske in a criminal in-

---

[1] Plaintiff also appealed from that portion of the order directing payment of $597.52 to Donald Krause, in full satisfaction of a judgment held by him. By subsequent stipulation, however, that judgment has been satisfied without payment of that additional amount.

come tax prosecution, should hold various properties as trustee to provide security for payment of fees earned by plaintiff for accounting services to defendant Lenske in that litigation. Since the reversal of the conviction of defendant Lenske by the United States Court of Appeals,[2] the trust has been the subject of protracted litigation, including a previous appeal to this court.[3]

Among the claims made by plaintiff, in addition to his claim for services as an accountant, were claims for $400 for appraisal of the trust properties, $294.15 for title insurance and $100 for trustee fees. Plaintiff claimed that those amounts were "advanced by plaintiff to the trustee for expenses on trust property."

After trial on plaintiff's various claims, including these claims, the trial court on April 3, 1970, by letter opinion, held as follows:

"I find that the $400.00 and the $294.15 payments for appraisal and title insurance were expenses incurred for the benefit of the plaintiff and are not proper charges. I also find that the $100.00 payment to Gunther Krause was inappropriately made, and it likewise is an improper claim in this litigation. * * *"

Donald G. Krause, as executor of the estate of Gunther F. Krause, the original trustee, then deceased, filed a "Motion to Include Additional Items" in his claim against the trust estate, including these same three items, upon the following ground:

"This motion is based upon the fact that the foregoing items were reasonably and necessarily

---

[2] Lenske v. United States, 383 F2d 20 (9th Cir 1967).

[3] Marx v. Lenske/Krause, 263 Or 90, 500 P2d 715 (1972).

expended in connection with the creation and administration of the trust which is the subject of this suit; that the items were charged against the interest of beneficiary Marx; that this Court has now held that these items should not have been charged against the plaintiff and he has made claim for reimbursement thereof.

"If the estate of the deceased trustee is required to reimburse plaintiff for these items they should be charged to trustors or to the trust estate and should constitute a first lien against the latter."

After further proceedings, a decree was entered on November 27, 1970, awarding plaintiff judgment for various additional items (not including these items) and also awarding to Donald G. Krause, as executor for the estate of the original trustee, judgment against defendants Lenske for the sum of $1,779.27, with interest at six per cent per annum from August 5, 1968. It appears from a previous memorandum opinion that this amount was awarded "* * * on account of fees earned by the trustee to April, 1966, and for monies advanced by the trustee for mortgage payments and taxes owing on the trust property."

After additional proceedings, the successor trustee, on January 12, 1973, filed a "Petition to Terminate Trust" in which he stated, among other things, that sufficient funds had been paid into court to "satisfy all Judgments with interests and costs to date," including the judgment of Donald G. Krause. That petition, together with a "Notice of Hearing," was served on all interested parties, including defendants Lenske.

A hearing was then held at the time and place stated in that notice. Defendants Lenske did not appear at the hearing and did not file objections to the

petition, including its proposal that the judgment of Donald G. Krause be paid in full, including interest, from the funds on deposit with the court. Neither did any other interested party file any objections to the petition.

At that hearing, however, an attorney appeared on behalf of plaintiff for the apparent purpose of renewing plaintiff's claim for $794.15 as a claim against the trust estate. The attorney for the successor trustee objected to such a claim on the ground that no written objection had been filed to the petition and that defendant Lenske was entitled to be heard because it would affect his remainder interest in the trust.

In response to a question by the court, the attorney for Donald G. Krause then stated that the judgment in his favor, with interest, totaled $2,302.45. He then agreed with the trial judge that the amount of the original judgment "actually represents an overpayment"; and that the three items totaling $794, which had been held "not proper claims [by plaintiff] against Mr. Lenske * * * were directly charges against the trustee's estate." He then stated that this amount of the funds held for payment of his judgment could be paid to plaintiff.

The court then disposed of the question raised by the previous objection by the attorney for the successor trustee as follows:

> "This case is not going to be reopened to litigate that question. It seems to me that if the trustee, former trustee, or his heir, is going to end up with what the heir feels is more money than is coming, he can take that to apply against what I think is a very legitimate trustee obligation and will take care of Mr. Marx in some manner."

■ Although this solution to the problem may have been somewhat unusual, we do not believe that it was improper as a final order to terminate this lengthy and complicated litigation.

Defendants Lenske's principal contention on this appeal is that:

"There was no notice of any kind that at that time, without any pleading, Mr. Marx would attempt to extract from me an *additional* $794 * * *." (Emphasis added)

On that basis defendants Lenske contend that in the absence of a pleading to give notice and in the absence of a hearing, with evidence, they would be deprived of their property without due process of law, in violation of the Constitution of Oregon and of the United States.

■■ The fallacy of this contention is that neither the trust estate nor defendants Lenske was required to pay an *"additional* $794." Judgment had previously been entered in favor of Donald G. Krause, as executor of the estate of Gunther F. Krause, the original trustee. As a result, and even though in fact that judgment may have "represented an overpayment," unless and until it was reversed, set aside or otherwise modified it had become, as a matter of law, a fixed and enforceable obligation and one that Donald G. Krause was not required to reduce or otherwise compromise.[4] Moreover, as previously pointed out, defendants Lenske had made no objection to the petition of the successor trustee for an order authorizing payment of that judgment in full.

It follows that when the attorney representing

---

[4] It also appears from the trial court file that this judgment was satisfied after the filing of the notice of appeal in this case. See note 1.

Mr. Krause agreed that $794 of the funds otherwise payable to satisfy that judgment could be paid to plaintiff Marx, no constitutional right of defendants Lenske was violated.

Defendants Lenske also say in their brief that:

"Had there been pleadings filed by Marx and Krause in response to the petition of the successor trustee I would have raised the additional fact that Krause had been paid twice for the advances and I have evidence to prove it. * * *"

As previously stated, however, if Mr. Krause had a valid judgment he could properly direct payment to the plaintiff of a portion of the funds being held for payment of that judgment regardless of whether or not he "had been paid twice" for such amounts. Moreover, any such evidence that defendants Lenske may have cannot be properly considered by this court on this appeal, but should have been offered to the trial court in support of a motion for reconsideration of the order from which defendants Lenske now appeal. If that motion had been denied the offered evidence would then be a matter of record for the purposes of an appeal.

For these reasons we affirm the order of the trial court.