Submitted on record and briefs June 7, resubmitted In Banc October 6, affirmed December 22, 1993

Ernest E. SWANSON
and Marianne Swanson,
*Appellants,*

*v.*

William WARNER
and Sara Warner,
*Respondents.*

(C920702CV; CA A77825)

865 P2d 493

Gary Roberts and Schwabe, Williamson & Wyatt filed the briefs for appellants.

Roderic Carucci filed the brief for respondents.

LANDAU, J.

Riggs, J., dissenting.

**LANDAU, J.**

Plaintiffs appeal the dismissal of their breach of contract and nuisance claims. ORCP 21(A)(8). We affirm.

In reviewing a motion to dismiss for failure to state a claim, we assume the truth of all well-pleaded allegations and all reasonable inferences favorable to plaintiff that may be drawn from them. *Glubka v. Long*, 115 Or App 236, 238, 837 P2d 553 (1992); *Machunze v. Chemeketa Community College*, 106 Or App 707, 712, 810 P2d 406, *rev den* 312 Or 16 (1991).

The parties are neighbors who are subject to a restrictive covenant that provides, in relevant part:

> "No fence or boundary wall on the building site shall have a height greater than six feet above the finished grade surface upon which it is located and no hedge or row of trees or shrubs shall be planted or maintained which shall substantially block the view of any adjoining lot."

When defendants planted a tree that blocks plaintiffs' view, plaintiffs sued for breach of that covenant and for nuisance. The trial court granted defendants' motion to dismiss both claims.

Plaintiffs first assign error to the dismissal of their breach of covenant claim. Defendants argue that, as a matter of law, their planting of a single tree does not violate the terms of the contract. Plaintiffs argue that it does.

Restrictive covenants generally are construed "most strongly against the covenant and will not be enlarged by construction." *Aldridge v. Saxey*, 242 Or 238, 242, 409 P2d 184 (1965). Here, the covenant prohibits the planting of a "row of trees." Not even plaintiffs argue that a single tree is a "row of trees," at least not as those words are commonly understood. Instead, they argue that the words "row of trees" should be construed more broadly than their plain and ordinary meaning to accommodate the broader purposes of the covenant. That, however, is precisely the sort of "enlargement" of restrictive covenants "by construction" that is not permitted. *Aldridge v. Saxey, supra*, 242 Or at 242.

Plaintiffs argue that we should not apply the traditional rule of strict construction of restrictive covenants. According to plaintiffs, the rule is predicated on a policy of

encouraging untrammeled land use that no longer applies in modern society. The preferred view, they argue, is that covenants should be interpreted according to the ordinary rules of contract construction.

■ It is true that the Supreme Court has questioned the vitality of the traditional rule. In *Swaggerty v. Petersen*, 280 Or 739, 743-44, 572 P2d 1309 (1977), the court noted in *dictum* that "it is doubtful" whether the traditional rule of construction should be applied. Nevertheless, the court expressly refrained from deciding the question. 280 Or at 744.

We need not decide whether principles of contract interpretation should replace the traditional rule of construction of restrictive covenants, because under either method, plaintiffs have failed to state a claim for breach of the covenant. Under basic principles of contract construction, our function is

> "to ascertain and declare what is, in terms or substance, contained therein, not to insert what has been omitted, or to omit what has been inserted." ORS 42.230.

We begin by determining as a matter of law whether the language of the contract is unambiguous. *OSEA v. Rainier School Dist. No. 13*, 311 Or 188, 194, 808 P2d 83 (1991). A contract is ambiguous if it is capable of more than one reasonable construction. *Heinzel v. Backstrom*, 310 Or 89, 96, 794 P2d 775 (1990). If it is unambiguous, then we apply the plain and ordinary meaning of that language in determining whether the allegations of plaintiffs' complaint are sufficient to state a claim for breach of that contract. If it is ambiguous, then it is for the trier of fact to examine other evidence of the parties' intentions and construe the language accordingly. *OSEA v. Rainier School Dist. No. 13, supra*, 311 Or at 194.

Here, the covenant prohibits the planting of a "row of trees." Plaintiffs concede that the "literal" meaning of these words is not subject to dispute. Plaintiffs' sole argument is that, because the purpose of the provision was to prevent any obstructions of their view, the term "row of trees" could be construed to cover any such obstructions, whether from single trees, a row of trees, a satellite dish, a water tower or a barn. We cannot accept that argument.

■ To establish the ambiguity of a provision, there must be at least two competing *reasonable* constructions. *Biomass One, L.P. v. S-P Construction (A68622)*, 120 Or App 194, 200, 852 P2d 847 (1993). To construe a "row of trees" to mean "any obstructions," including a satellite dish, a water tower or a barn is not reasonable. It is not enough merely to say that the purpose of the restriction was to prohibit, generally, obstructions of a landowner's view. Our effectuation of the parties' intentions is constrained by the reasonable construction of the contractual terms to which they actually agreed. ORS 42.230. The agreement here prohibits the planting of a "row of trees," not the erection of any object that may obstruct a view. Because the covenant unambiguously prohibits only the planting of a "row of trees," plaintiffs' allegations that defendants obstructed their view with the planting of a single tree fails to state a claim for breach of the covenant. The trial court, therefore, did not err in dismissing that claim.

■ Plaintiffs also assign error to the trial court's dismissal of their common law nuisance claim. Defendants argue that plaintiffs have failed to allege facts from which it could be concluded that they have unreasonably interfered with plaintiffs' use and enjoyment of their land. Plaintiffs aver that their allegations that the planting of a tree that blocks their view and adversely affects the value of their land are sufficient to survive a motion to dismiss.

■■ To state a claim for common law nuisance, plaintiffs must allege facts showing that defendants unreasonably and substantially interfered with the use and enjoyment of plaintiffs' property. *Hay v. Dept. of Transportation*, 301 Or 129, 135, 719 P2d 860 (1986). Conduct that is permitted by an agreement between the parties cannot, as a matter of law, be considered unreasonable and substantial interference. On that point *Jacobson v. Crown Zellerbach*, 273 Or 15, 539 P2d 641 (1975), is controlling. In that case, the plaintiff granted the defendant an easement to use a roadway near the plaintiff's home. When vibrations from the defendant's trucks caused damage to the plaintiff's home, the plaintiff brought an action for nuisance. The jury returned a verdict for the plaintiff, but the trial court granted the defendant judgment notwithstanding the verdict. The Supreme Court affirmed. The court explained that

"plaintiffs complain that defendant is perpetrating a nuisance for doing that which they agreed to let defendants do, without alleging defendant is operating its trucks in a manner other than that which was contemplated by the agreement between the parties. This does not constitute the statement of a cause of action." 273 Or at 22.

Similar facts are presented here. The agreement to which both plaintiffs and defendants are subject contemplates the planting of trees and other vegetation. Only the planting of a "hedge or row of trees or shrubs" that substantially blocks plaintiffs' view is prohibited. As in *Jacobson*, plaintiffs have failed to state legally sufficient allegations that defendants acted in a manner other than what was contemplated by the parties in the covenant. Therefore, plaintiffs have failed to state a claim for common law nuisance, and the trial court did not err in dismissing that claim.

Affirmed.

**RIGGS, J.,** dissenting.

Because I disagree with the majority's analysis of plaintiff's claim for nuisance, I respectfully dissent.

The majority asserts that *Jacobson v. Crown Zellerbach*, 273 Or 15, 539 P2d 641 (1986), controls our disposition of the nuisance claim. In *Jacobson*, the plaintiffs expressly granted defendants an easement to use a roadway near their house. When trucks using the roadway according to the easement damaged the house, plaintiffs brought an action for nuisance. The Supreme Court held that the plaintiffs had no cause of action because a nuisance cannot arise from activities contemplated by an agreement between the parties.

Because the agreement in this case is fundamentally different from the agreement in *Jacobson, Jacobson* is inapposite. The activity expressly contemplated by this agreement is the development of building sites in a way that mutually enhances land values. The covenant at issue appears in a section labelled "Nuisances" and is phrased in the negative: there can be no view-blocking rows of trees or walls more than six feet tall. In the same section, a catch-all provision states that nothing may be maintained on the property that "may be or become a nuisance to the neighborhood."

The majority reasons that, because the covenant at issue prohibits only rows of trees that block views, the agreement contemplates the maintenance of a single tree that blocks a view. That construction is erroneous for two reasons. First, the majority's construction of the covenant adds permission to block a view with a single tree to a clause which creates an action at law to remove rows of trees. Addition of omitted terms is forbidden by ORS 42.230. Second, by permitting the maintenance of a single tree that depreciates neighboring property, the majority's construction fails to give effect to the express purpose of the agreement (maximum land values for all building sites) and also fails to give effect to the catch-all provision forbidding things that "may be or become" nuisances. Construction of a contract should give effect to all provisions. ORS 42.230.

Nothing in the agreement prevents plaintiffs from maintaining an action for common law nuisance. Therefore, the next question is whether their claim for nuisance was properly dismissed under ORCP 21A(8). In reviewing a motion to dismiss for failure to state a claim, we accept as true the allegations and all reasonable inferences that may be drawn from them. A pleading survives a motion to dismiss if it contains even vague allegations of all material facts. *Erickson v. Christenson*, 99 Or App 104, 106, 781 P2d 393 (1989), *rev dismissed* 311 or 266 (1991). The material facts necessary to show nuisance are a substantial and unreasonable interference with the use and enjoyment of land. *Jewett v. Dearborn Enterprises, Inc.*, 281 Or 469, 575 P2d 164 (1980). In *Jewett*, we held that noxious odors that prevented the plaintiffs from opening their windows interfered with the use or enjoyment of land. Here, the tree that prevents plaintiffs from enjoying the view from their windows likewise interferes with the use or enjoyment of land. An allegation that their land is worth $25,000 less without the view, adequately alleges that the interference is both substantial and unreasonable. Because plaintiffs adequately plead their nuisance claim, dismissal of that claim under ORCP 21A(8) was error.

I dissent.

Deits, J., joins in this dissenting opinion.