Argued and submitted October 24, 1994, affirmed September 6, appellant's motion for reconsideration filed September 21, granted by opinion October 18, 1995
See 137 Or App 312, 903 P2d 421 (1995)

CRITERION INTERESTS, INC.,
an Oregon corporation,
and The Conservation Fund,
a Maryland non-profit corporation,
*Respondents,*

*v.*

THE DESCHUTES CLUB,
an Oregon non-profit corporation,
*Appellant.*

(CC90-92; CA A81541)

902 P2d 110

Thomas H. Tongue argued the cause for appellant. With him on the briefs were G. Kenneth Shiroishi and Dunn, Carney, Allen, Higgins & Tongue.

Jacob Tanzer argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

In this action to quiet title and for declaratory relief, the trial court ruled that plaintiff Criterion Interests, Inc., has the right to use access easements over defendant's, The Deschutes Club, property "for unlimited reasonable purposes," including "recreational purposes." Defendant appeals and argues that the easements were intended only for agricultural use — originally in connection with the cattle business of plaintiff's predecessor, Hunt. We affirm.[1]

In 1948, Hunt and defendant entered into a written "deed of easement." The instrument was meant to memorialize the parties' existing arrangement, whereby one road that crosses both of their neighboring properties and a second that is located on defendant's were commonly used. The arrangement enabled Hunt to have access across defendant's property to and from the Deschutes River, and enabled defendant's members to go to and from its property by crossing Hunt's. The deed states, in material part:

> "WHEREAS, it is the desire and intention of the parties hereto to give, grant, and sell and convey each to the other, easements and rights of joint user over their respective lands above-described for the purposes of a roadway together with the right to cross over the same for their mutual benefit and convenience, and

> "WHEREAS, there is now constructed over the said properties a passable and usable roadway, the location and course of which is known to the parties * * *.

> "WHEREAS, the parties hereto are in agreement as to the present course, condition and general characteristics of the said roadway and desire to provide passageway over and general use of the same for the purposes of ingress to and egress from their respective lands and to the waters of the Deschutes River for their mutual benefit and also desire to provide for the maintenance and regulation of use of the said road, now therefore

> "[T]he said Portland Deschutes Club, a corporation, hereby grants, bargains, sells and conveys to [Hunt] and [his]

---

[1] Plaintiff also asserted a claim for damages, which the trial court rejected by summary judgment and certified as final pursuant to ORCP 67 B. We affirmed that judgment without opinion. *Criterion Interests, Inc. v. The Deschutes Club*, 123 Or App 642, 859 P2d 1208 (1993).

respective heirs, executors, administrators and assigns, the right to use, at any and all times, [an easement over the hill road.] * * *

"It is understood and agreed that the use of the area above described over the lands of the [Deschutes Club] shall be restricted to passage way over the same for purposes of ingress to and egress from the waters of the Deschutes River and to and from that certain private roadway now established over other lands of the [Deschutes Club] the location of which last mentioned private roadway is known to the parties hereto, by [Hunt, his] tenants, employees or other authorized persons and by any means of transportation, but that in no way shall the same be held out to the public as a public way and shall be designated at each terminus thereof, by suitable notices, as a private road with passage there over undertaken at the user's own risk. * * *

"[The Deschutes Club] also hereby grants, bargains, sells, and conveys to [Hunt] the right to use, at any and all times, such portions of the presently established road along the east bank of the said Deschutes River from East Maupin to North Junction, in Wasco County, Oregon, as lie upon the lands of the [Deschutes Club] hereto the location and course of which road is known to both parties to this agreement and acknowledged as a sufficient legal description for the purposes of this instrument. It is further agreed that all restrictions as to use and provisions as to designation as a private way contained in the immediately preceding paragraph shall apply to and be observed as respects this area. Access to waters of Deschutes River is also granted [Hunt] over the lands of the [Deschutes Club].

"To Have and to Hold the same unto [Hunt] and to [his] heirs, executors, administrators and assigns forever."

Hunt used the easements exclusively for his cattle business during the period that he retained possession of the property, and his testimony was to the effect that defendant granted him the easements solely for purposes of that use. Subsequently, plaintiff bought the property that had belonged to Hunt, and plans to market it for recreational purposes. It also plans to use the easements relatedly for access to and from the river. The present controversy ensued.

The trial court first noted, based on the extrinsic evidence described above, that Hunt intended to and did use the easements only for agricultural purposes. However, the

court then stated that, "if the 1948 deed of easement's meaning is plain on its face" as to whether recreational as well as agricultural-related uses are within its scope, the court was required to construe the instrument in accordance with its unambiguous language. Finally, the court concluded that plaintiff's use of the easements for recreational purposes, as well as agricultural ones, was unambiguously permitted by the deed. In reaching that conclusion, the court relied on our rejection of an argument similar to defendant's in *Verzeano v. Carpenter*, 108 Or App 258, 263, 815 P2d 1275 (1991), *rev den* 312 Or 589 (1992), where we said:

> "[W]hen an easement is granted by a written instrument and is written in general terms without limitations, unlimited reasonable use is allowed."

■■ Defendant first argues, relying on ORS 42.220, that the trial court erred by not "considering" the evidence of the circumstances under which the grant of easement was made. ORS 42.220 provides:

> "In construing an instrument, the circumstances under which it was made, including the situation of the subject and of the parties, may be shown so that the judge is placed in the position of those whose language the judge is interpreting."

There has been some historical uncertainty as to whether the type of evidence described in ORS 42.220 should be admitted to assist the court in determining if an ambiguity exists in the terms of an agreement. However, that question appears to have been resolved by the Supreme Court in *Abercrombie v. Hayden Corp.*, 320 Or 279, 292, 883 P2d 845 (1994), where it concluded:

> "Whether the terms of an agreement are ambiguous is in the first instance a question of law for the trial court. *Evenson Masonry, Inc. v. Eldred*, 273 Or 770, 772, 543 P2d 663 (1975). The trial court may consider parol and other extrinsic evidence to determine whether the terms of an agreement are ambiguous. ORS 42.220."[2]

We conclude, however, that the trial court's actions here were consistent with the requirements of ORS 42.220.

---

[2] We said in *dicta* in *Slocum v. Lang*, 132 Or App 571, 575, 889 P2d 379 (1995), that *Abercrombie* did not resolve that question. We now conclude that it did.

The court allowed defendant to present evidence of the circumstances under which the easement was made and, contrary to defendant's assertions, gave due consideration to that evidence. Accordingly, defendant's first assignment of error is without merit.

■ ■ The essence of defendant's principal argument, addressed in both its second and fourth assignments of error, is that the court was required by ORS 42.240 to "pursue" the intention of the parties and by ORS 42.220 to consider "the circumstances under which [the instrument] was made." Defendant asserts that the court erred by failing to follow those requirements, and particularly by not construing the deed in accordance with Hunt's testimony that the limited intended purpose of the easements was for agricultural use, by concluding that it was required to construe the deed in accordance with its plain language, and by "expanding the scope of use of the easement" beyond the intended limits.

Defendant is correct that, under ORS 42.240,[3] the court is required, in construing an instrument, to pursue the intention of the parties "where possible." Further, as discussed above, under ORS 42.220, the court may "consider" evidence of the circumstances under which an agreement is made in deciding if an ambiguity exists. However, the application of these rules of construction is limited by other applicable statutory rules of construction. ORS 42.230 provides that the construction of the language of an agreement must begin and end with the words that the parties used. That statute provides:

> "In the construction of an instrument, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars, such construction is, if possible, to be adopted as will give effect to all."

Further, as held in *Abercrombie*, 320 Or at 292, which was decided shortly after this case was argued, "unambiguous,

---

[3] ORS 42.240 provides:

"In the construction of an instrument the intention of the parties is to be pursed if possible; and when a general and particular provision are inconsistent, the latter is paramount to the former. So a particular intent shall control a general one that is inconsistent with it."

integrated writings * * * cannot be contradicted by [parol] evidence."[4]

Defendant seeks to avoid the application of ORS 42.230 and of the parol evidence rule as embodied in ORS 41.740[5] by its contention that the language of the easement is ambiguous. First, it contends that the absence of any language in the easement describing the permissible uses of the easement creates an ambiguity. Defendant asserts:

"The trial court erred in ruling that the deed was 'plain on its face.' The deed is ambiguous in that the use of the easement is not set forth in the deed of easement. The easement states that Hunt shall have a 'passage way over [The Deschutes Club property] for purposes of ingress to and egress from the waters of the Deschutes River.' The deed also states, 'Access to waters of Deschutes River is also granted [Hunt] over the lands of the [Deschutes Club].' The deed does not specify the nature of access, whether agricultural or recreational. Extrinsic parol evidence should have been admitted to explain the ambiguity. Specifically, the trial court should have looked at the intent of the parties regarding the use to which the easement could be put."

This argument, however, does not differ materially from the one that we rejected in *Verzeano*, which also involved an access easement. The thrust of our holding there was that, if an easement is granted in general and unlimited terms, unrestricted reasonable use will be deemed to be intended by the parties without the need for an affirmative recitation of every conceivable use that is allowed. It is correct that the use permitted by the easement here is limited to access. However,

---

[4] Defendant does not assert that the deed is not an integrated writing.

[5] ORS 41.740 provides:

"When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be, between the parties and their representatives or successors in interest, no evidence of the terms of the agreement, other than the contents of the writing, except where a mistake or imperfection of the writing is put in issue by the pleadings or where the validity of the agreement is the fact in dispute. However, this section does not exclude other evidence of the circumstances under which the agreement was made, or to which it relates, as defined in ORS 42.220, or to explain an ambiguity, intrinsic or extrinsic, or to establish illegality or fraud. The term 'agreement' includes deeds and wills as well as contracts between parties."

the purposes for which the grantee may invoke its right to access are unambiguously left unrestricted.

Defendant also argues that the evidence of the circumstances at the time the easement was executed, specifically evidence of the parties' intentions at that time, creates an ambiguity. However, as we have indicated, the court may not "insert what has been omitted or omit what has been inserted." ORS 42.230. Evidence of the circumstances under which an agreement is made that is indicative of the parties' intent may only affect the interpretation of the agreement when there is language in the agreement that is susceptible to being construed to carry out that intent. Here, there is *no* language in the easement limiting the use for which access may be used. Accordingly, the trial court was correct in concluding that the agreement was not ambiguous and in refusing to read language into the easement limiting the permissible use to agricultural purposes.[6]

Defendant makes one further assignment of error, which we reject without discussion.

Affirmed.

---

[6] In addition to being a correct application of the rules of construction as articulated in *Abercrombie*, we believe that our holding also furthers sound policy considerations. As defendant contends, our conclusion promotes the ability of subsequent purchasers to rely on the clear terms of recorded instruments that affect rights in and the use of property.