Submitted on appellant's motion for reconsideration filed September 25, and respondent's motion for reconsideration filed September 28, motions for reconsideration allowed, and prior opinion (136 Or App 566, 903 P2d 375) adhered to as modified January 3, 1996

# KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST,
## an Oregon nonprofit corporation,
### *Appellant,*

*v.*

## Jane DOE,
### *Respondent.*

## (9309-05955; CA A85958)

908 P2d 850

E. Joseph Dean and Stoel Rives Boley Jones & Grey for appellant's motion.

Stephen F. Crew, Gary Firestone, Charles J. Merten and O'Donnell Ramis Crew Corrigan & Bachrach for respondent's motion.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

In a motion entitled "motion for reconsideration," pursuant to ORAP 6.25, defendant moves to dismiss this action for a declaratory judgment on the basis that the trial court and this court lack jurisdiction. Plaintiff also moves for reconsideration seeking clarification of language in our prior opinion. 136 Or App 566, 903 P2d 375 (1995). We allow reconsideration, modify our earlier opinion and remand the case to the trial court for further proceedings.

We first consider plaintiff's motion. Plaintiff asks us to change the language of our opinion, which at present provides:

> "In summary, *defendant* is entitled to a declaration that the oral agreement of August 18, *1991*, is a valid and enforceable agreement." 136 Or App at 579 (emphasis supplied);

to state:

> "In summary, *plaintiff* is entitled to a declaration that the oral agreement of August 18, *1993*, is a valid and enforceable agreement." (Emphasis supplied.)

We agree with plaintiff, and our prior opinion is modified as requested.

We next consider defendant's motion. In our prior opinion, we upheld the enforceability of an agreement that settled claims made by defendant against plaintiff, plaintiff's physician, "Smith,"[1] and plaintiff's affiliate, Northwest Permanente, P.C. We ordered entry of judgment consistent with our opinion. In her motion, defendant requests that we "reconsider [our decision], withdraw [our] opinion, and remand to the trial court to dismiss for lack of jurisdiction." She contends that because Smith and plaintiff's affiliate are parties to the settlement agreement on which plaintiff's claim is based, but are not parties to this action, the trial court lacked jurisdiction to enter a declaratory judgment. She argues:

> "ORS 28.110 provides that '[w]hen declaratory relief is sought, all parties shall be made parties who have or claim any interest which would be affected by the declaration [* * *].' Appellate courts of this state have universally held

---

[1] A pseudonym intended to afford confidentiality.

that the failure to join all parties whose interests would be affected by the declaration is a jurisdictional defect. Without the presence of all parties to a contract, a court lacks jurisdiction to issue a declaratory judgment as to that contract." (Citations omitted.)

■     ORS 28.110 provides, in part:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

Defendant's motion requests dismissal as distinguished from an order of remand, which would give plaintiff the opportunity to join all the parties to the settlement agreement as parties in the action. We note that although this case was aggressively litigated below and in this court, it was not until our prior opinion was published, an opinion adverse to defendant, that defendant moved for dismissal. As framed, we perceive defendant's motion to present this issue: Does the failure to join necessary parties to an action based on a settlement agreement require vacation of our opinion and dismissal for lack of jurisdiction without an opportunity for plaintiff to join the absent necessary parties?

Defendant relies on the holdings in *Stanley, Adm. v. Mueller*, 211 Or 198, 315 P2d 125 (1957), and *Wright v. Investments, Inc.*, 293 Or 259, 648 P2d 360 (1982). In *Stanley*, the Oregon Supreme Court interpreted ORS 28.110 as granting authority to courts to make a declaration only when all necessary persons were parties to the proceeding before the court. The court concluded that the primary purpose of ORS 28.110 was "to protect the rights of all parties having or claiming an interest which would be affected by the declaration sought." 211 Or at 209. It said that courts should decline to make declarations between parties, " 'when others, not bound, might later raise the identical question and deprive the declaration of that final and pacifying function it is calculated to subserve.' " *Id.* (quoting Edwin M. Borchard, *Declaratory Judgments* 256-57 (2d ed 1941)). Consequently, the court remanded the case to the trial court with instructions to dismiss unless the necessary parties were joined. In *Wright v. Investments, Inc.*, the court interpreted *Stanley* "to require joinder of all affected interests in order to yield

jurisdiction to enter a declaratory judgment." 293 Or at 264. The court reasoned that, without all the necessary parties before it, no justiciable controversy could be determined. Otherwise a judgment or opinion could be solely advisory as to the nonjoined parties. The court said that since a necessary party had not been joined, "it would appear that the trial court was thereby deprived of jurisdiction to issue a declaratory judgment in this case." *Id*. Therefore, it remanded to the trial court for dismissal unless the necessary party was joined within a time to be set by the court.

We understand the case law relied on by defendant to hold that when a claim under ORS chapter 28 for a declaratory judgment is filed and proper service of process occurs, the court acquires personal jurisdiction over the parties before it and subject matter jurisdiction over the subject matter. That proposition is in accord with the general rule that, once subject matter jurisdiction is properly invoked, a court retains continuing authority over the action to enter a disposition concerning it. *Dippold v. Cathlamet Timber Co.*, 98 Or 183, 192, 193 P 909 (1920). In that light, ORS 28.110 limits the authority of the court in only one respect. The court lacks the power to enter a final declaratory judgment about the subject matter unless all necessary parties are before it. Therefore, even though the trial court in this case currently lacks the authority to enter a final declaratory judgment, we and the trial court retain subject matter jurisdiction to permit the joinder of the absent necessary parties. In other words, immediate dismissal of the action is not required because of lack of joinder of necessary parties.[2]

Our analysis finds support in the court's opinion in *Marx v. Lenske/Krause*, 263 Or 90, 500 P2d 715 (1972), an

---

[2] *See also* ORCP 29 B:

"If a person as described in subsections A(1) and (2) of this rule cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

ORCP 29 B was in effect at the time *Wright* was decided.

opinion that *Wright* cites with approval, but distinguishes. We understand *Marx* to hold that authority to enter a declaratory judgment under ORS 28.110 exists when there is an identity of interests between the absent parties and one of the parties to the litigation, so that the interests of the absent parties are protected. In *Marx*, the plaintiff brought an action against a partnership, but named only one of the partners as a defendant. When the plaintiff later moved to join all the partners as defendants, the trial court refused to do so. The court said that, because the other partners were necessary parties, it would normally remand to the trial court to join them. However, it determined that such a remedy was not required, because the interests of the unincluded partners had been sufficiently protected in the suit. It noted, "[T]he issues [regarding the partnership's actions] * * * were fully litigated." *Id.* at 96. It then ordered the action to be remanded to the trial court with instructions to enter an order adding the unincluded partners as parties, and thereafter to enter judgment in accordance with the court's opinion.

■     Because we have concluded that immediate dismissal is not required, the only question left is whether we should remand to the trial court to join the absent parties and enter judgment in accordance with our prior opinion as the court did in *Marx* or whether we should order the trial court to dismiss unless the absent parties are joined within a set time as the court did in *Stanley* and in *Wright*. From the record before us, it appears that the missing parties to the settlement agreement have an identity of interest similar to the parties in *Marx*. However, because plaintiff's affiliate and Smith are discrete parties and may have no privity with each other or with plaintiff, prudence requires they have an opportunity to be heard.

Motions for reconsideration allowed and prior opinion adhered to as modified. Remanded for entry of order dismissing complaint unless Northwest Permanente, P.C., and Smith are joined as parties within a time to be set by the trial court. In the event that Smith and Northwest Permanente, P.C., are joined as parties, the trial court is to enter judgment in accordance with our prior opinion unless it determines that there is no identity of interests between them and plaintiff.