Argued and submitted June 12, 1995, reversed and remanded February 21, 1996

# James A. WILLIAMS,
## *Respondent,*

### *v.*

# David F. WISE,
## *Appellant.*

## (92CV0287; CA A83464)

911 P2d 1261

Frank C. Rote, III, argued the cause for appellant. With him on the briefs was Brown, Hughes, Bird, Lane & Rote.

Clayton C. Patrick argued the cause for respondent. With him on the brief was Patrick & Meadowbrook.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Defendant Wise appeals a declaratory judgment concerning the terms of a lease. We reverse and remand.

Plaintiff Williams and Wise entered into a lease agreement for business property in Grants Pass. The parties used a form lease with a series of exhibits attached. In relevant part, the lease provided:

"1. The primary term of this lease shall commence upon the 1st day of January, 1988, and shall be for a term of five years thereafter. Special provisions, if any, relating to such primary term of lease are contained in Exhibit 'B' to this lease, incorporated herein by this reference."

Exhibit B, attached to the form agreement, provided, in part:

"LESSEE'S OPTIONS TO RENEW: Lessee is hereby granted the option to extend the term of this lease for two (2) additional and consecutive five (5) year periods on the following conditions: * * * * Unless the parties shall otherwise agree in writing, the terms of leasing, and the rentals for the extended terms of leasehold, shall be on the same basis and rates as set forth in the lease instrument and this exhibit."

As to the rates for the lease, the agreement provided:

"2. Lessee shall pay to Lessor as a base, or minimum, rental the sum of Seven Hundred Dollars for [the] first 30 months; Seven Hundred Twenty Five Dollars for the remaining 30 months of said lease for each month of the term[.]"

Neither the form agreement nor Exhibit B makes any other reference to lease rates. In particular, they do not explicitly address the rates Wise owed Williams if Wise chose to exercise the option to renew. An earlier version of Exhibit B did contain an escalator clause, tied to the Consumer Price Index, but that clause was eliminated from the final agreement. Thus, the agreement as finally executed said only that the terms during the renewal periods "shall be on the same basis and rates as set forth in the lease instrument." That language is at the heart of the dispute between the parties.

When the primary term of 60 months drew to a close, Wise gave appropriate notice that he intended to exercise the option to renew, and he began making payments of $725 per month, the rate in effect at the time of renewal. Williams rejected the attempted renewal, contending that the rate for the renewal period had to be renegotiated. Wise contended that the lease did not provide for renegotiation of the rate; it simply continued whatever rate was required by the agreement at the time of renewal.

Williams initiated this action for declaratory judgment. The trial court concluded that the lease agreement was ambiguous and took evidence from the parties regarding their intentions with regard to the rates that were to apply during renewal periods. At the close of the evidence, the trial court found that the parties had different understandings of the renewal provisions. On that basis, the court declared that the parties had failed to come to any agreement concerning the renewal rates and, therefore, the agreement contained no enforceable renewal provision at all. The trial court entered judgment to that effect and awarded Williams his costs and attorney fees, pursuant to an attorney fee provision in the lease.

On appeal, Wise argues that the trial court erred in concluding that the lease agreement is ambiguous and that the parties had failed to reach an agreement as to the rates during renewal periods. He also argues that the trial court erred in awarding Williams his costs and attorney fees. We begin with Wise's arguments concerning the construction of the renewal provisions of the lease agreement.

In reviewing a trial court's construction of a lease agreement, we first determine, as a matter of law, whether the agreement is ambiguous. *Abercrombie v. Hayden Corp.*, 320 Or 279, 292, 883 P2d 845 (1994). An agreement is ambiguous if it is capable of more than one reasonable construction. *Heinzel v. Backstrom*, 310 Or 89, 96, 794 P2d 775 (1990). If the agreement is ambiguous, it is for the trier of fact to examine other evidence of the parties' intentions and to construe the language of the agreement accordingly. *Swanson v. Warner*, 125 Or App 524, 527-28, 865 P2d 493 (1993). We review the trial court's findings of fact for any evidence. *Boehm & Co. v. Environmental Concepts, Inc.*, 125

Or App 249, 255, 865 P2d 413 (1993). In all events, the trial court's construction must comport with the reasonable interpretation of the terms to which the parties agreed. *Swanson*, 125 Or App at 528.

■　In this case, Williams suggests that there are three possibilities as to the meaning of the provision calling for renewal "on the same basis and rates as set forth in the lease instrument": 1) that the agreement calls for a return to the $700 per month rate for the first half of the five-year renewal period, followed by a rate of $725 for the balance of the term; 2) that the agreement implicitly calls for an increase in the monthly rate every 30 months, thus requiring Wise to pay $750 at the beginning of the first renewal term; and, 3) that the agreement calls for a continuation of whatever rate is specified at the time of renewal. Wise contends that the disputed provision permits only one reasonable construction: that the reference to "the same basis and rates as set forth in the lease instrument" requires a continuation of whatever rate the lease instrument currently states.

We conclude that the disputed language is capable of more than one reasonable construction. It could mean that the lease continues at the rate in effect at the beginning of the renewal period. Or it could mean that the parties anticipated that the lease rate would automatically increase in accordance with the periodic escalation that is provided for during the initial five-year term. Both constructions are consistent with the language of the agreement, and neither is so unreasonable that we may reject it as a matter of law.

We turn, then, to the trial court's findings as to the parties' undisclosed intentions and its resulting construction of the lease language. The trial court held that, because the parties had different understandings as to the meaning of the renewal clause, there was "no meeting of the minds" on the matter. On the basis of that finding, it concluded that "[t]he parties failed to arrive at an agreement as to the rental rates and terms upon the renewal of the lease agreement, and therefore there is no renewal term of years."

■ ■   In this case, there is evidence to support the trial court's findings that the parties had conflicting subjective understandings as to the meaning of the lease renewal provision. Nevertheless, the fact remains that they agreed to the provision. That parties differ as to the construction of a provision does not mean that they are not bound by the provision; it simply means that there is a dispute as to the provision's proper construction. Oregon courts adhere to an objective theory of contracts. *Harty v. Bye*, 258 Or 398, 403, 483 P2d 458 (1971). Under that theory, the trial court may receive and consider evidence as to the parties' subjective intentions and other circumstances surrounding the execution of a disputed provision. The trial court then is obliged to construe the provision in the light of that evidence, but in a manner that comports with the objectively reasonable construction of the terms to which the parties agreed. *Kabil Developments Corp. v. Mignot*, 279 Or 151, 156-57, 566 P2d 505 (1977); *Kaiser Foundation Health Plan v. Doe*, 136 Or App 566, 572-77, 903 P2d 375 (1995), *adhered to as modified* 138 Or App 428, 908 P2d 850 (1996); *Oakridge Cablevision v. First Interstate Bank*, 65 Or App 640, 647-48, 673 P2d 532 (1983); *see also* Charles F. Adams, *Contract Litigation: The Roles of Judge and Jury and the Standards of Review on Appeal*, 28 Will L Rev 223, 255 (1992) ("If the court holds that an integrated term is ambiguous, the fact-finder may receive and consider evidence of alternative meanings, but not meanings that contradict the ambiguous term.").

■   The trial court, therefore, erred in concluding that, merely because the parties had differing subjective understandings of the meaning of the renewal provisions of the lease, they never agreed to an option to renew the lease. The parties clearly did agree to a renewal option. They also clearly agreed that the rates upon renewal are to be "on the same basis and rates as set forth in the lease." What remains to be decided is the determination of the objectively reasonable construction of the disputed provision, taking into account the language of the provision, the evidence as to the parties' intentions, other evidence of the circumstances surrounding execution and any other aids to contract construction that are appropriate. We will not make that determination for the first time on appeal.

In the light of our decision on the merits, we must also reverse the trial court's award of attorney fees to Williams.

Reversed and remanded.