Argued and submitted November 22, 1995, reversed and remanded with instructions April 17, petition for review denied June 25, 1996 (323 Or 484)
Petition for review on attorney fees denied October 8, 1996 (324 Or 305)

# Richard W. MOON,
*Appellant,*

*v.*

# Lois Elaine MOON,
*Respondent.*

## (94-CV0359-MS; CA A88126)

914 P2d 1133

Ray Polakovic argued the cause for appellant. With him on the briefs was Brothers, Steelhammer & Ash.

Lawrence W. Erwin argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

**HASELTON, J.**

In this action to quiet title, plaintiff husband[1] claims sole title to a parcel of property, based on provisions of a prior marital settlement agreement. The trial court entered judgment for defendant wife, concluding that the agreement did not pertain to the property. On *de novo* review, ORS 19.125(3), we reverse.

The success of husband's quiet title action depends on the construction of the parties' marital settlement agreement. That agreement, which was executed in February 1989, disposed of the parties' property, and provided, in part:

"3.   Wife's property: Wife shall have as her sole and separate property, free and clear of any interest of Husband, the following:

"(a)   The residence and real property located at 833 Cedar Avenue, Redmond, Oregon, subject to any encumbrance thereon.

"* * * * *

"4.   Husband's Property: Husband shall have as his sole and separate property, free and clear of any interest of Wife, the following:

"(a)   The residence and real property located at 20995 Vista Bonita Drive, Bend, Oregon, subject to any encumbrance thereon.

"* * * * *

"10.   Full Disclosure: The parties have each entered into this Agreement upon mature consideration and it is expressly based upon the promise that neither party has any asset or other property except that which is described or distributed herein."

The judgment dissolving the parties' marriage, entered in May 1989, approved the settlement agreement.[2]

---

[1] Although this is not a domestic relations or dissolution action, for convenience, we refer to the parties by the terms husband and wife.

[2] The dissolution judgment provided:

"The Marital Settlement and Custody Agreement entered into by the parties and attached hereto, is hereby approved and the parties are directed to comply with its terms."

At the time of dissolution, the parties' only property in Bend was their residence at 20995 Vista Bonita Drive and an adjacent pasture, which the couple had used for farming and family recreation. Following dissolution, wife executed a quitclaim deed for the property on which the residence was situated. Husband, without objection from wife, took sole possession of both the residence and the pasture. In 1994, husband began exploring the prospect of placing a home on the pasture land, and, to receive financing for that project, he authorized a title search on the pasture lot. The title search disclosed that wife was listed as having a joint interest in the pasture lot. After husband and his attorney contacted wife, she refused to execute a quitclaim deed renouncing her interest in the property.

Thereafter, husband filed this action to quiet title, claiming that the parties intended that the description "20995 Vista Bonita Drive," used in the marital settlement agreement, to refer to both the parcel of land on which the residence was situated and the pasture. Husband contends, *inter alia*, that the settlement agreement's reference to the Bend property was ambiguous and that resort to extrinsic evidence of the parties' intent would demonstrate that the "20995 Vista Bonita Drive" reference encompassed the pasture lot.[3]

At trial, husband offered undisputed evidence that, although the pasture land had a separate tax lot number from the residence, it did not have a separate street or postal address. Husband testified that, at the time of the dissolution, it was the parties' intent that he receive all of the Bend property. The attorney who represented husband at the dissolution proceedings testified that, when he drafted the marital property agreement, the property was identified merely as "the Bend property," and that he was unaware that the street address might not describe all of the Bend property.

---

[3] Husband argues, alternatively, that the reference to "20995 Vista Bonita Drive" was a "clerical mistake," subject to correction under ORCP 71 A. ORCP 71 A provides, in part:

"Clerical mistakes in judgments, * * * and errors therein arising from oversight or omission may be corrected by the court at any time on its own motion or on the motion of any party[.]"

Because of our disposition, we do not address that alternative contention.

Wife did not contradict either husband's or the attorney's testimony in those regards. That is, she did not present evidence that, in executing the settlement agreement, she intended to retain ownership of the pasture lot or that she believed that she had done so.

The trial court entered judgment for wife. In its memorandum opinion, the court stated:

"Both parties were aware at the time of divorce that there were two pieces of property in Bend. In fact, the address put in the settlement is the address of only one of the lots.

"Paragraph ten of the settlement agreement is relied upon by [husband] to establish the ambiguity of the description. The argument is that since the parties in paragraph ten stated neither party has an asset not described in the agreement, that the address must have been intended to cover both Bend lots, and should be so construed.

"Factually, however, the failure to include the other lot was a mistake, primarily by [husband], but also by [wife], for failing to be aware that both lots were not described.

"I find as a fact it was the intent of the parties at the time of the dissolution that [husband] was to have both lots. The failure to include the second lot was a mistake by the parties. The description in the agreement is not ambiguous. It describes properly one of the lots and not the other, which has an entirely different street address. The deed which conveyed the property described in the decree covered only the lot designated by the address in the agreement.

"The agreement and hence the decree incorporating it left out a piece of the property because of the mutual mistake of the parties. This is not an action to reform the agreement.

"ORCP 71 B controls the correction of a decree by reason of mistake of fact. That is not the remedy sought here, and has already been ruled unavailable to [husband]."

On appeal, husband assigns error to the trial court's determination that the settlement agreement unambiguously pertained to the residence only and not to the adjacent pasture lot. Husband's argument, as we understand it, is that, when read in conjunction with paragraph 10 of the

agreement ("neither party has any asset or other property except that which is described or distributed herein"), the reference in paragraph 4(a) to "the residence and real estate located at 20995 Vista Bonita Drive" was ambiguous in that it could refer either exclusively to the residence or could also include the adjacent lot, which had no street address of its own. Husband argues that, given the parties' express representations in paragraph 10 that they were apportioning all their assets, the "located at" language can, and should, be reasonably construed to include the adjacent, commonly owned property that could not be identified by some separate street address.

■    The terms of a marital settlement agreement, as incorporated in a marital dissolution judgment,[4] are to be construed in the same fashion as other contractual terms. *Winningstad and Winningstad,* 99 Or App 682, 685, 784 P2d 101 (1989); *Anderson and Anderson,* 65 Or App 16, 19, 670 P2d 170 (1983). We recently summarized the pertinent principles of contractual construction:

> "If contract language is ambiguous, extrinsic evidence of the parties' intent may be admitted, and interpretation of that language becomes a question of fact. The initial question of whether a contract is ambiguous is a question of law. In determining whether an ambiguity exists, the court may consider parol and other extrinsic evidence. Although ORS 42.240 requires us to pursue the intention of the parties, if possible, ORS 42.230 requires construction of the contract as a whole, giving effect to every word and phrase. For a term to be legally ambiguous, it must be susceptible to at least two plausible interpretations when examined in the context of the contract as a whole." *Anderson v. Divito,* 138 Or App 272, 277-78, 908 P2d 315 (1995) (citations and footnote omitted).

*See also Abercrombie v. Hayden Corp.,* 320 Or 279, 292, 883 P2d 845 (1994) (addressing propriety of reference to extrinsic

---

[4] Wife asserts that husband's resort to the underlying settlement agreement is impermissible because the agreement was not explicitly incorporated into the dissolution judgment. That argument is mistaken. The judgment explicitly approved and, thus, incorporated the agreement. *See Shiel v. Breuer,* 130 Or App 87, 91, 880 P2d 500 (1994), *rev den* 320 Or 508 (1995).

evidence in determining whether contractual term is ambiguous); *Criterion Interests, Inc. v. The Deschutes Club*, 136 Or App 239, 245, 902 P2d 110, *on recon* 137 Or App 312, 903 P2d 421 (1995), *rev den* 322 Or 489 (1996) (same).

■ Applying those principles, we agree with husband that the reference in paragraph 4(a) to the "residence and real property located at 20995 Vista Bonita Drive" is ambiguous. That is so for two reasons. First, the agreement itself, in paragraph 10, evinces the parties' intent and belief that the agreement addressed all of their jointly owned property. *Deerfield Commodities, Ltd. v. Nerco, Inc.*, 72 Or App 305, 319, 696 P2d 1096, *rev den* 299 Or 314 (1985). Second, reference to extrinsic evidence of the circumstances under which the agreement was made, ORS 42.220,[5] discloses that, in addition to the home and real estate at 20995 Vista Bonita Drive, the parties also owned the adjacent pasture lot, which had no street address. Given the combination of those two factors, the "located at" language of paragraph 4(a) could be reasonably construed to include not only the residence but also the pasture lot. *See Williams v. Wise*, 139 Or App 276, 280, 911 P2d 1261 (1996) (finding terms of a lease contract to be ambiguous).

We turn to the extrinsic evidence of the parties' intent in order to resolve the ambiguity. *See Williams*, 139 Or App at 281. Based on our *de novo* review in this equitable, quiet title context, we conclude that the record, and particularly the evidence of the parties' intent described previously, 140 Or App at 404, demonstrates that the property description in paragraph 4(a) of the marital settlement agreement included the pasture lot. Accordingly, the trial court erred in entering judgment for wife against husband's quiet title action.

Reversed and remanded with instructions to enter judgment quieting title in Richard W. Moon.

---

[5] ORS 42.220 provides:

"In construing an instrument, the circumstances under which it was made, including the situation of the subject and of the parties, may be shown so that the judge is placed in the position of those whose language the judge is interpreting."