NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTHEW JAMES SMITH; PAUL CALLEN; KATHY POWELL; ALLAN D. CLACK; DARREN PARKER; LYNN WARNER; KEVIN CORKERY; ANN CORKERY; JBC RANCH PROPERTIES, LLC, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> TUMALO IRRIGATION DISTRICT; RONALD ALVARADO, in his official capacity as State Conservationist, Natural Resources Conservation Service, United States Department of Agriculture; NATURAL RESOURCES CONSERVATION SERVICE, a federal agency of the United States Department of Agriculture, <br><br> Defendants - Appellees. | No. 24-70 <br><br> D.C. No. 6:20-cv-00345-MK <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, Chief District Judge, Presiding

Argued and Submitted December 3, 2024

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Portland, Oregon

Before: CALLAHAN, NGUYEN, and SUNG, Circuit Judges.

Plaintiffs, property owners in central Oregon, challenge a federally funded project by the Tumalo Irrigation District ("TID") to modernize an irrigation system by replacing over 60 miles of open irrigation canals and laterals with underground piping. Plaintiffs bring Administrative Procedure Act ("APA") claims against the Natural Resources Conservation Service and State Conservationist Ronald Alvarado, challenging the agency's authorization of the project pursuant to the National Environmental Policy Act ("NEPA"). They also bring easement and private nuisance claims against TID. The district court granted summary judgment to Defendants and dismissed Plaintiffs' claims. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's grant of summary judgment, including its determination at summary judgment that the agency complied with NEPA. *Kern v. U.S. Bureau of Land Mgmt*., 284 F.3d 1062, 1069–70 (9th Cir. 2002). Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there are no genuine disputes of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Redev. Agency of Stockton v. BNSF Ry. Co*., 643 F.3d 668, 672 (9th Cir. 2011).

1. The agency's authorization of the project under NEPA was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). First, the agency properly eliminated the on-farm efficiency upgrades alternative from detailed study because this alternative would have been difficult to implement and would not have met the "purpose and need to improve water delivery reliability and public safety." The agency's "public safety" purpose is supported by the administrative record, and Plaintiffs do not proffer evidence that the agency's stated reasons for rejecting the alternative were pretextual. Second, the agency adequately analyzed the project's cumulative effects on riparian areas and wetlands. The environmental assessment acknowledged that the project would affect riparian vegetation in and around the open canals, but determined that the affected areas did not meet the "functional criteria" for wetlands and that the project would benefit downstream riparian areas.

2. The project does not exceed the scope of TID's rights of way on Plaintiffs' land. We reject Plaintiffs' proposed interpretation of 43 U.S.C. § 946— that the section limits the "vertical" scope of the right of way to the floor of a canal or lateral—because it would lead to the absurd result that right-of-way holders could not perform necessary construction of and maintenance on natural ground canals and laterals, which would be contrary to common sense, the purpose of the

statute, and longstanding practice.[1] *See United States v. Casasola*, 670 F.3d 1023, 1029 (9th Cir. 2012) ("[C]ourts do not construe statutes in a manner that would lead to absurd results."). We need not decide whether, as TID argues, the district court correctly interpreted 43 U.S.C. § 946 to mean that the vertical scope of the right of way extends 50 feet below the floor of any canal or lateral or whether, as TID alternatively argues, 43 U.S.C. § 946 only defines the horizontal scope of the right of way and therefore 43 U.S.C. § 949 provides the only limitation on TID's ability to dig and install a buried pipeline below the canals and laterals. Either way, Plaintiffs' claim fails. First, Plaintiffs have not presented evidence that TID's project involves digging or installing pipelines more than 50 feet below the floors of the canals and laterals. And second, TID's evidence demonstrates that the project is necessary to deliver water to TID's patrons and improve public safety, and that excavation is necessary to successfully implement the project. Plaintiffs fail to establish genuine factual disputes as to these issues. The district court therefore properly granted summary judgment to TID on this claim.

3. The district court also correctly granted TID summary judgment on Plaintiffs' remaining easement and nuisance claims. Even taking as true Plaintiffs' contention that the project will devalue their properties, their claims fail as a matter

---

[1] For example, TID has submitted evidence that the natural ground canals at issue were "continually filled in with silt, and periodically dug out" and "sometimes" dug deeper. Plaintiffs did not rebut this evidence.

of law. First, the project is not an improper modification of TID's easement use, because piping is reasonably necessary for irrigation and the resulting removal of unintended benefits from open canals (the causes of the claimed devaluation of Plaintiffs' properties) does not unreasonably burden Plaintiffs. *See* Restatement (Third) of Property (Servitudes) § 4.10 (2000). No evidence suggests that the original parties to the express easement contemplated that the irrigation system would benefit Plaintiffs' property with seepage from open canals. *See id.* § 4.10 cmt. g; *see also id*. § 4.1 cmt. d; 43 U.S.C. §§ 946–49. Second, removal of an unintended benefit is not an "invasion of" or "interfere[nce] with" Plaintiffs' use and enjoyment of their property for the purposes of their nuisance claim. *Phillips Ranch, Inc. v. Banta*, 543 P.2d 1035, 1039 (Or. 1975); *Swanson v. Warner*, 865 P.2d 493, 495 (Or. App. 1993). And regardless, "[c]onduct that is permitted by an agreement between the parties cannot, as a matter of law, be considered unreasonable and substantial interference" under Oregon nuisance law. *Swanson*, 865 P.2d at 495; *see Jacobson v. Crown Zellerbach Corp*., 539 P.2d 641, 642–45 (Or. 1975). Because the project is a permissible use of TID's express easements, Plaintiffs' nuisance claim also fails as a matter of law.

**AFFIRMED.**[2,3]

---

[2] The motion by Oregon Water Resources Congress, Deschutes Basin Board of Control, Idaho Water Users Association, Washington State Water Resources Association, and Wyoming Association of Irrigation Districts for leave to file an amici curiae brief is granted.

[3] TID's motion to supplement the record on appeal is granted.